# ORDER

**VIRGINIA:**

In the Court of Appeals of Virginia on Tuesday the 7th day of June 1994.

Demetris Thomas, Appellant,

against

Commonwealth of Virginia, Appellee.

Nos. 0418-91-1 and 0420-91-1

Before Chief Judge Moon, Judges Baker, Barrow, Benton, Coleman, Koontz, Willis, Elder, and Fitzpatrick.

COUNSEL

James B. Covington (Breeden, MacMillan & Green, P.L.C., on briefs), for appellant.

Eugene Murphy, Assistant Attorney General (Stephen D. Rosenthal, Attorney General, on brief), for appellee.

## UPON A REHEARING EN BANC

OPINION

On August 3, 1993, a panel of this Court reversed the convictions of Demetris Thomas with respect to alleged crimes against the dwelling and person of Sandra Harris. *See Thomas v. Commonwealth*, 16 Va. App. 851, 434 S.E.2d 319 (1993). In an unpublished opinion dated August 3, 1993, the same panel affirmed Thomas's convictions with respect to crimes against Sherry Dickinson. *See Thomas v. Commonwealth*, Record No. 0418-91-1. Thomas's petitions for rehearing *en banc* were granted, the cases were consolidated, and the issues were heard on February 18, 1994.

For the reasons stated in the panel's published opinion, a majority of the Court reverses the judgment of the trial court with respect to the alleged crimes against the dwelling and person of Sandra Harris because Thomas was improperly impeached by evidence of still pending prosecutions. *See Dowell v. Commonwealth,* 12 Va. App. 1145, 1149, 408 S.E.2d 263, 265 (1991), *aff'd en banc,* 14 Va. App. 58, 414 S.E.2d 440 (1992). On all remaining issues, a majority of the Court affirms the actions of the trial court for the reasons stated in the panel's opinions. Accordingly, the stays of this Court's August 3, 1993 mandates are lifted, and their directives are reinstated.

Judge Barrow concurs in the result but would not address issues concerning Thomas's initial detention addressed in the published opinion because, in his judgment, the trial court's determination that Thomas accompanied the officer voluntarily should have been granted deference.

Judge Benton would reverse both judgments of the trial court for the reasons stated in the dissenting opinions to the original panel decisions. *See* 16 Va. App. at 861-68, 434 S.E.2d at 326-30.

The trial court shall allow court-appointed counsel for the appellant an additional $200 for services rendered the appellant on the rehearing portion of these appeals, in addition to his costs and necessary direct out-of-pocket expenses. One-half of this amount shall be added to the costs due the Commonwealth in the August 3, 1993 mandate in Record No. 0418-91-1.

This order shall be published and certified to the trial court.