COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Moon, Judge Annunziata and
          Senior Judge Duff
Argued at Alexandria, Virginia

MARSHALL LEE ADAIR

v.         Record No.  0795-95-4    MEMORANDUM OPINION[*] BY
                                    JUDGE ROSEMARIE ANNUNZIATA
COMMONWEALTH OF VIRGINIA                  MARCH 5, 1996


            FROM THE CIRCUIT COURT OF BLAND COUNTY
               Kenneth I. Devore, Judge Designate


          Byron R. Shankman, for appellant.

          Brian Wainger, Assistant Attorney General
          (James S. Gilmore, III, Attorney General;
          Margaret Ann B. Walker, Assistant Attorney
          General, on brief), for appellee.


        Following a jury trial in Bland County Circuit Court, the

appellant, Marshall Lee Adair, was convicted of eluding the

police.  On appeal, Adair contends the trial court erred in

overruling his motion to suppress a statement he made to the

police and in failing to instruct the jury on reckless driving

and improper driving.  Finding no error, we affirm the

conviction.

        The relevant facts follow.  Virginia State Trooper James

Timothy Graham was seated in his patrol car operating radar

equipment in Bland County when, a little after midnight, he

witnessed two vehicles pass his vehicle, travelling side by side

at ninety-three miles per hour.  Graham immediately activated his

---

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

blue lights and siren and pursued the vehicles. As he did, the driver of one of the vehicles, Matthew Morehead, pulled over. Adair, driving the other vehicle, increased his speed and continued driving with Graham in pursuit.

As Graham gave chase, he observed the lights of Adair's vehicle extinguish. Graham continued following Adair, periodically losing sight of the vehicle, until, coming around a hump and curve in the road, Graham observed the vehicle wrecked over an embankment at a private driveway where a friend of Adair's lived.

When Graham arrived, Adair was trying to exit, and his passenger, who had already exited, appeared primed to run. Unfamiliar with the vehicle and its occupants, Graham drew his weapon and advised the men to stop. Graham had Adair exit the vehicle. Alone and concerned for his safety, Graham decided to handcuff one of the men temporarily so he could check for weapons. Graham handcuffed Adair and ordered both men to lie down. After finding neither of the men possessed a weapon, Graham released Adair from the handcuffs. At that point, three or four other police officers arrived, one of whom summoned a police dog.

Graham advised Adair that he had to investigate the accident. Pursuant to the accident form he was required to prepare, Graham asked Adair what caused the wreck. Adair responded that

as I came out of the tunnel and Matt, and

Matt Morehead, we got beside each other, we got beside each [sic] and sped up racing, we came and saw a car on the side of the road and after we went down the road, I got off at South Gap and went on 52, I panicked because I seen you, seen your lights and I tried to stop and the car went off the road.

As a result of his accident investigation, Graham issued Adair four summonses for traffic violations.

Adair objected to the admission of his statement, arguing that it was made in violation of his Miranda rights. However, Graham testified that Adair was not under arrest at the time he made the statement. Graham testified that his investigation focused on the accident, not the violations, and that Adair was free to leave at the end of the accident investigation. The trial court overruled Adair's motion.

Graham was charged with "racing on highway (reckless) driving" and "reckless driving (eluding) (police)." At the close of the Commonwealth's evidence at trial, Adair made a motion to merge the two charges into "one incident of reckless driving rather than two." The court granted Adair's motion, but merged the charges into "one charge of eluding the police."

In proffering jury instructions and verdict forms, the Commonwealth made clear that it pursued only the charge of "eluding the police." Adair did not object to the Commonwealth's instruction, notwithstanding the fact that it did not state the law on the reckless driving charge. Adair also failed to proffer a defense instruction on the charge.

Instead, Adair subsequently urged the trial court to submit to the jury his proposed verdict form which reflected a finding of "improper driving," a lesser included offense of the "reckless driving/eluding police charge" charge. The Commonwealth reiterated that it proceeded solely on the charge of eluding the police, not the charge of reckless driving, and argued that Adair's proffered verdict form was improper. The court declined to accept Adair's verdict form and submitted the case to the jury solely on the charge of eluding the police.

I

"Miranda warnings are required whenever a suspect is subject to `custodial interrogation.'" Cherry v. Commonwealth, 14 Va. App. 135, 140, 415 S.E.2d 242, 244 (1992) (quoting Miranda v. Arizona, 384 U.S. 436, 444 (1966)). Clearly, not every detention constitutes "custody" for purposes of Miranda; rather, a person is in "custody" once "`there is a formal arrest or restraint on freedom of movement of the degree associated with a formal arrest.'" Id. at 140-41, 415 S.E.2d at 245 (quoting California v. Beheler, 463 U.S. 1121, 1125 (1983) (other citation omitted)). Whether a detention amounts to a custodial interrogation for purposes of Miranda depends on all of the circumstances surrounding the detention. Id. (citing Berkemer v. McCarty, 468 U.S. 420, 442 (1984)).

Miranda does not apply to a police officer's "general questioning" in the course of the fact-finding process. Pruett

- 4 -

v. Commonwealth, 232 Va. 266, 271, 351 S.E.2d 1, 4 (1986), cert. denied, 495 U.S. 940 (1990). Neither the location of the interrogation nor the use of protective measures by police officers for their safety and security will necessarily give rise to a finding that the environment is custodial in nature. Id.; Burket v. Commonwealth, 248 Va. 596, 605, 450 S.E.2d 124, 129 (1994), cert. denied, 115 S. Ct. 1433 (1995); Thomas v. Commonwealth, 16 Va. App. 851, 857, 434 S.E.2d 319, 323 (1993), aff'd on reh'g en banc, 18 Va. App. 454, 444 S.E.2d 275 (1994) (quoting United States v. Crittendon, 883 F.2d 326, 329 (4th Cir. 1989))(the use of handcuffs alone "`[does] not convert a stop and frisk into an arrest so long as the methods of restraint used are reasonable to the circumstances.'") Cf. Wass v. Commonwealth, 5 Va. App. 27, 34, 359 S.E.2d 836, 840 (1987)(police officers' use of protective measures employed for their safety and security may give rise to a custodial situation for Miranda purposes if they "produce a coercive environment and restrict a suspect's freedom of movement to the degree associated with a formal arrest").

Other factors the court may consider in determining whether a person is subject to "custodial interrogation" are whether a police officer informed the individual that he or she is not under arrest, Wass, 5 Va. App. at 33, 359 S.E.2d at 840 (1987) (quoting Davis v. Allsbrooks, 778 F.2d 168, 171-72 (4th Cir. 1985)), and whether the individual knows or has been apprised of the nature of the investigation. Cherry, 14 Va. App. at 139, 415

S.E.2d at 244.  The court may also consider the point at which the suspect "becomes the focus of the investigation."  <u>Wass</u>, 5 Va. App. at 33, 359 S.E.2d at 839.

In evaluating the various factors, "the situation must be viewed from the vantage point of `how a reasonable [person] in the suspect's position would have understood his situation.'" <u>Novak v. Commonwealth</u>, 20 Va. App. 373, 385, 457 S.E.2d 402, 408 (1995) (quoting <u>Wass</u>, 5 Va. App. at 32, 359 S.E.2d at 839) (other citation omitted)).  On review, this Court considers the evidence in the light most favorable to the Commonwealth and will affirm the trial court's findings unless unsupported by the record.  <u>Id.</u>

The record in the case supports the trial court's finding that Adair was not in custody at the time he made his statement.  It is not disputed that Graham detained Adair as a necessary protective measure, that the detention was relatively minimal and that it was kept in place only as long as necessary for Graham to secure his safety.  <u>Cf.</u> <u>Wass</u>, 5 Va. App. at 34, 359 S.E.2d at 840.[1]  Moreover, the handcuffs were removed before questioning

_____

[1]In <u>Wass</u>, the Court found that the suspect

> was confronted by at least twelve officers,
> all armed, some of whom were carrying
> shotguns, arriving in two trucks and a
> helicopter.  The trucks were parked at the
> driveway gate, and some of the officers
> surrounded the house.  Wass was ordered to

began.  Although Graham received backup from three or four other officers, the evidence also supports the court's implicit finding that the backup was insufficient to elevate Adair's detention to (..continued)

> secure his dogs.  One was confined in a car, and an officer threatened to kill the other if Wass could not control him.  Commander Reynolds directed his officers to form an "exterior perimeter" around the house.  Two more officers were stationed at the door of the house, and while all of these steps were taken to "prevent the second dog . . . from coming back and possibly injuring one of the officers," the record indicates that the officers stayed in position after the second dog had been secured.  The record portrays a situation in which the police officers, through an impressive display of force and manpower, seized control of Wass's private residence and secured the premises in a manner suggestive of a military maneuver . . . .  The atmosphere was exactly the type of police dominated environment described in _Miranda_.

_Id._

"custody." <u>Id.</u>

Moreover, the evidence shows that Adair was questioned as the driver of the vehicle involved in a traffic accident, not as a "criminal suspect." <u>See</u> <u>Nash v. Commonwealth</u>, 12 Va. App. 550, 404 S.E.2d 743 (1991). Graham never placed Adair under arrest, and he informed Adair that he was investigating the accident.

Finally, even assuming Adair's <u>Miranda</u> rights were violated, the erroneous admission of his statement was harmless beyond a reasonable doubt. The evidence in the case establishes that Adair raced down the highway ninety-three miles per hour and refused to pull over when Graham activated his lights and siren. Adair attempted to elude Graham by turning his lights off. Morehead testified that he and Adair had been speeding side by side down the highway passed Graham. He stated that Adair did not stop when Graham activated his siren and flashing blue lights. Based on this evidence, the jury could find Adair guilty beyond a reasonable doubt.

II

Adair also contends that the trial court erred by failing to instruct the jury on reckless driving and/or improper driving. However, it is clear from the record that Adair failed to ask the court for either a reckless driving or improper driving instruction. For this reason, Adair is procedurally barred from raising the issue on appeal. <u>See</u> Rule 5A:18.

Moreover, "an accused is not entitled to an instruction `on

an offense which is not a lesser included offense of the one with which he or she is charged.'" Crump v. Commonwealth, 13 Va. App. 286, 290, 411 S.E.2d 238, 241 (1991) (quoting Taylor v. Commonwealth, 11 Va. App. 649, 651, 400 S.E.2d 794, 795 (1991)). The case was submitted to the jury solely on the charge of "eluding the police."  While improper driving may be a lesser included offense of reckless driving, see Code § 46.2-869,[2] it is not a lesser included offense of eluding a police officer.  See Shaw v. Commonwealth, 9 Va. App. 331, 334, 387 S.E.2d 792, 794 (1990) (reckless driving and eluding a police officer are distinct offenses).

Accordingly, Adair's conviction is affirmed.

Affirmed.

---

[2]Code § 46.2-869 provides, in part:

> upon the trial of any person charged with reckless driving where the degree of culpability is slight, the court in its discretion may find the accused not guilty of reckless driving but guilty of improper driving.