COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Moon, Judges Baker and Coleman
Argued at Richmond, Virginia


WALTER LEE RAINES, JR.
                                    MEMORANDUM OPINION[*] BY
v.        Record No. 0835-95-2     JUDGE SAM W. COLEMAN III
                                          MAY 7, 1996
COMMONWEALTH OF VIRGINIA

            FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                     Timothy J. Hauler, Judge

            D. Gregory Carr (Bowen & Bowen, P.C., on
            brief), for appellant.

            Kathleen B. Martin, Assistant Attorney
            General (James S. Gilmore, III, Attorney
            General, on brief), for appellee.


     In this criminal appeal, Walter Lee Raines contends that the

evidence is insufficient to sustain his convictions for petit

larceny and vandalism.  We hold that the evidence is sufficient

and we affirm the defendant's convictions.

     At trial, Belinda Castaneeda testified that she witnessed

the defendant and another man break into a car parked at an

apartment complex where Castaneeda's fiance resided and take the

car's stereo.  The defendant did not object to the admissibility

of Castaneeda's identification of him as the thief, but he

contends on appeal that the evidence is insufficient to support

the convictions because the identification was "unreliable."  He

argues that without a reliable identification the only other

---

     [*] Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

evidence tending to connect him with the crime was the fact that his car was located near the apartments where the crimes were committed, which is insufficient to prove that he committed the crimes.

In determining the reliability of identification evidence, the reviewing court must consider

> the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation.

Townes v. Commonwealth, 234 Va. 307, 331, 362 S.E.2d 650, 663 (1987) (quoting Neil v. Biggers, 409 U.S. 188, 199-200 (1972)), cert. denied, 485 U.S. 971 (1988).  Although the defendant does not contest the admissibility of Castaneeda's identification, the factors set forth in Neil v. Biggers are also relevant in determining whether identification evidence is sufficient, standing alone or in combination with other evidence, to establish guilt beyond a reasonable doubt.  See Smallwood v. Commonwealth, 14 Va. App. 527, 530, 418 S.E.2d 567, 568 (1992) (applying the Neil v. Biggers analysis even though the accused did not appeal the trial court's denial of his motion to suppress the identifications).

Here, Castaneeda testified that the parking lot where the crimes occurred was "well-lit" and that she viewed the suspects from a distance of thirty to thirty-five feet.  She initially saw

the two men "walking through the parking lot" and continued to watch them as they broke into the car and took the stereo. Therefore, despite Castaneeda's admission on cross-examination that the light was not "shining directly" on the two men, the evidence indicates that she had an opportunity to view the perpetrators and focused her attention on them at all times during the commission of the crimes.

Most significantly, Castaneeda was unequivocal in her identification of the defendant. Cf. Smallwood, 14 Va. App. at 532, 418 S.E.2d at 569 (holding that there were "significant inconsistencies between [the witness'] pre-trial description of [the accused] and her acknowledgment of his actual appearance at trial," and that her testimony at the preliminary hearing was less certain than it was at trial). Contrary to the defendant's assertion at oral argument, Castaneeda did not merely state that the defendant's profile was similar to that of one of the men who broke into the car. Defense counsel used the term "similar" in questioning Castaneeda, but the record is clear that Castaneeda positively identified the defendant and confirmed that there was "[n]o question in [her] mind" that he was one of the two men she saw break into the car. Satcher v. Commonwealth, 244 Va. 220, 250, 421 S.E.2d 821, 839 (1992) ("Of the most significance on the subject of [the witness'] level of certainty . . . is the fact that her in-court identification of [the accused] was unequivocally positive"), cert. denied, 507 U.S. 933 (1993).

The fact that Castaneeda first confronted the defendant at a court proceeding prior to trial and admitted that she knew that he was standing where defendants normally stand does not taint her identification and render it unreliable. See Thomas v. Commonwealth, 16 Va. App. 851, 859, 434 S.E.2d 319, 324-25 (1993) (holding that the fact that the defendant was handcuffed during the showup and wearing "jail garb" at the preliminary hearing did not invalidate the identifications), aff'd en banc, 18 Va. App. 454, 444 S.E.2d 275 (1994). Furthermore, the identification is not invalid merely because there is evidence that the initial confrontation occurred more than one month after the crimes were committed. "[T]he lapse of time alone is not sufficient to render an identification unreliable as a matter of law." Satcher, 244 Va. at 250, 421 S.E.2d at 839.

Finally, the fact that Castaneeda did not see a front view of the defendant's face, but identified him by his profile affects the weight to be accorded the identification rather than its reliability. The trial court is capable of "measur[ing] intelligently the weight of identification testimony that has some questionable feature. . . . The defect, if there be one, goes to weight and not to substance." Manson v. Brathwaite, 432 U.S. 98, 116-17 (1977).

In light of "the totality of circumstances in this case," we find that Castaneeda's in-court identification of the defendant was reliable. Satcher, 244 Va. at 250, 421 S.E.2d at 839.

Accordingly, Castaneeda's testimony that the defendant was one of the men who broke into the car, combined with the evidence that the defendant's vehicle was located less than one mile from the apartment complex where the crimes were committed, is sufficient to prove the defendant's guilt beyond a reasonable doubt.

<u>Affirmed.</u>