COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Fitzpatrick, Judges Willis and Bumgardner
Argued at Salem, Virginia


JOHN RANDOLPH HAIRSTON
                                    MEMORANDUM OPINION* BY
v.   Record No. 2896-97-3      JUDGE RUDOLPH BUMGARDNER, III
                                        JANUARY 12, 1999
COMMONWEALTH OF VIRGINIA

           FROM THE CIRCUIT COURT OF THE CITY OF MARTINSVILLE
                        Charles M. Stone, Judge

            Elwood Earl Sanders, Jr. (S. Jane Chittom;
            Public Defender Commission, on briefs), for
            appellant.

            Donald E. Jeffrey, III, Assistant Attorney
            General (Mark L. Earley, Attorney General, on
            brief), for appellee.


     John Randolph Hairston appeals his conviction of robbery.

He argues that the pretrial and in-court identifications of him

were insufficient to support his conviction.  Finding no error,

we affirm the conviction.

     The defendant neither challenged the admissibility of the

evidence nor claimed it violated his rights to due process

because it was not reliable.  The issue is whether the evidence

was sufficient to identify the defendant as one of the two men

who robbed the victim.  When reviewing the sufficiency of the

evidence, we view the evidence in the light most favorable to the

Commonwealth, granting to it all reasonable inferences fairly

deducible from the evidence.  See Martin v. Commonwealth, 4 Va.

---

     *Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

App. 438, 443, 358 S.E.2d 415, 418 (1987).

Viewed by that standard, two men robbed the eighty-one-year-old victim while he was walking down an alley. The robbers approached from behind, cornered the victim, sprayed pepper in his eyes, and took his billfold. The victim yelled and attempted to chase them though he had dropped his glasses and cane. Walter Webster heard the yelling as he was driving down the street. He got a good look at the man who was running away. The victim told Webster that the man running away had robbed him. Webster went down the street and saw the defendant, who was the man he had seen run away, meet another man and then take off together.

Webster went to the police station and reported the robbery. He described the robbers as two black males, one light skinned, the other dark. The codefendant was wearing a dark green or brown jacket, and the taller defendant wore orange. Officer Gilbert drove Webster around for thirty to forty minutes when Webster said, "Those are the two men I saw" and identified the defendant and the codefendant. Officer Gilbert arrested the two and found a canister of pepper spray in the defendant's front pocket.

David Joyce, an attorney, heard a noise outside his office and went outside to investigate. He noticed a grocery bag, hat, and cane in the alley, saw two black males walking away, and then saw the victim. Joyce recognized the victim, helped him retrieve

his things, and accompanied him to the police station. When leaving the station, Joyce observed two black males with Officer Gilbert. He returned to the station and reported that the two were wearing the same clothing as the men he had seen earlier.

While at the police station, the victim heard a radio transmission that they had arrested two suspects. An officer told him that "one of the officers just found some people he thinks did this." That officer took the victim to identify the suspect. While sitting in the police car, the officer said either, "We have the suspects in custody. Can you identify them?" or "Are these the ones?" The police had handcuffed the suspects and brought them to the cruiser one at a time. One officer asked the victim, "Was this one of the people who took your wallet?" He identified the defendant as the one "who sprayed . . . that stuff in my eyes" and the codefendant as the one who took his wallet. At trial, the victim identified the defendant by name and the codefendant as the one who stole his billfold.

The defendant moved to strike the Commonwealth's evidence on the ground that the identifications were flawed because neither the victim nor Webster got a good look at the robbers and seeing the defendant in police custody tainted their identifications. The defendant argues that the victim's identification was weak because his opportunity to view the perpetrators during the robbery was fleeting, and he could not describe the defendants'

clothing.  The defendant noted that the victim was an aging man with poor eyesight.  The defendant claims that Webster's identification had similar defects.  Webster did not see the crime, briefly saw the men from the back, and only observed two men running and one trying to give the other a bag.

The defendant's arguments suggest how the trier of fact should evaluate the evidence, but they suggest no reason the evidence is unbelievable as a matter of law.  The defendant has shown no reversible error caused by the officers' comments to the victim.  See Hill v. Commonwealth, 2 Va. App. 683, 704, 347 S.E.2d 913, 925 (1986) (fact that officer wants witness to view a suspect carries with it the "necessarily unavoidable" implication that the officer believes he is guilty).  Pretrial show-ups are not per se violations of constitutional rights.  See Yarborough v. Commonwealth, 15 Va. App. 638, 643, 426 S.E.2d 131, 134 (1993), rev'd on other grounds, 247 Va. 215, 441 S.E.2d 342 (1994).  This show-up was to decide whether the suspects were the robbers.  A show-up may be the quickest and easiest way to confirm or dispel an officer's belief that suspects are the perpetrators.  Cf. United States v. Sharpe, 470 U.S. 675, 685-86 (1985) (appropriate to assess length of detention by whether the police "diligently pursued" their investigation).  Viewing a suspect in handcuffs is not impermissibly suggestive.  See Thomas v. Commonwealth, 16 Va. App. 851, 859, 434 S.E.2d 319, 324 (1993), aff'd en banc, 18 Va. App. 454, 444 S.E.2d 275 (1994).

We find that police conduct did not taint Webster's identification. Webster identified the suspects to the police, so no improper suggestion occurred. He testified that he got a good look, he observed the defendants after hearing the cry for help, and he identified the defendants within thirty to forty minutes of when he first saw them fleeing from the scene. "[U]nequivocal evidence of identification immediately following the offense may provide sufficient corroboration to overcome difficulties arising from in-court identifications . . . ." Smallwood v. Commonwealth, 14 Va. App. 527, 532, 418 S.E.2d 567, 570 (1992) (citation omitted).

Joyce observed the defendants in police custody and said they were dressed the same as the men he observed walking quickly away from the victim after the incident. When eyewitness identification is an issue, the defendant's proximity to the robbery scene is probative of guilt. See Manson v. Brathwaite, 432 U.S. 98, 116 (1977). The trial court did not accept the explanation of defendant's possession of the pepper spray. That is further evidence of guilt because a trier of fact is entitled to infer from a false explanation that the defendant is lying to conceal his guilt. See Speight v. Commonwealth, 4 Va. App. 83, 88, 354 S.E.2d 95, 98 (1987) (en banc).

The court noted that the victim "was pretty concrete about [what happened] and [it] was pretty impressed by his testimony . . . [which was] pretty well corroborated by the rest of the

Commonwealth's case."  Similarly, Webster got a "good look" at the defendant running, promptly reported his identification to Officer Gilbert, and was unequivocal when he identified the assailants from the cruiser.

The fact finder considered and rejected the defendant's arguments of how it should evaluate the evidence, what weight it should give to the testimony, and what inferences it should draw from it.  See Cook v. Commonwealth, 226 Va. 427, 432, 309 S.E.2d 325, 329 (1983).  Viewed in the light most favorable to the Commonwealth and discarding the evidence of the accused in conflict with the Commonwealth, see Cirios v. Commonwealth, 7 Va. App. 292, 295, 373 S.E.2d 164, 165 (1988), we find evidence sufficient to support the defendant's conviction of robbery.

Affirmed.