COURT OF APPEALS OF VIRGINIA

Present: Judges Humphreys, Friedman and White
Argued at Christiansburg, Virginia

UNPUBLISHED

JASON LAMONT CUNNINGHAM

v.     Record No. 0141-23-3

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE ROBERT J. HUMPHREYS
DECEMBER 19, 2023

FROM THE CIRCUIT COURT OF THE CITY OF MARTINSVILLE
G. Carter Greer, Judge

Lauren Brice, Assistant Public Defender (Virginia Indigent Defense
Commission, on briefs), for appellant.

Ken J. Baldassari, Assistant Attorney General (Jason S. Miyares,
Attorney General, on brief), for appellee.


The circuit court convicted Jason Lamont Cunningham of fleeing from a law enforcement

officer in violation of Code § 18.2-460(E) and assault and battery of a law enforcement officer in

violation of Code § 18.2-57. Cunningham appeals his convictions arguing that the evidence was

insufficient to prove that he prevented a lawful arrest as proscribed in Code § 18.2-460(E) and that

the circuit court erred in rejecting his defense of resisting an unlawful arrest as to the charge of

assault and battery of a law enforcement officer.

BACKGROUND

"In accordance with familiar principles of appellate review, the facts will be stated in the

light most favorable to the Commonwealth, the prevailing party at trial." *Poole v. Commonwealth*,

73 Va. App. 357, 360 (2021) (quoting *Gerald v. Commonwealth*, 295 Va. 469, 472 (2018)). "This

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

Court must 'discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn [from that evidence].'" *Bagley v. Commonwealth*, 73 Va. App. 1, 26 (2021) (alteration in original) (quoting *Cooper v. Commonwealth*, 54 Va. App. 558, 562 (2009)).

On May 30, 2022, Sergeant Jones was patrolling the Patrick Henry Mall in his marked police car and wearing his uniform. He observed Cunningham leaning into a vehicle window in the parking lot of the mall. Cunningham walked away from that vehicle across the parking lot as Sergeant Jones approached the vehicle. Sergeant Jones spoke with the individual that was inside the vehicle and asked if Cunningham was begging for money and the individual said that he was.[1] As soon as Sergeant Jones heard the answer to his question, he turned to stop Cunningham. He told Cunningham to put his hands on the car so he could "figure out what was going on."

At trial Sergeant Jones recounted, "He put his hands on the car briefly. I could smell an odor of alcohol coming from his person. He began to kind of twist. I told him to put his hands back on the car at that point, and there was a struggle [sic] ensued at that point." When asked to describe the struggle, Sergeant Jones stated,

> I kept trying to pin his hands and get them behind him. We struggled around the front of the car. He continued to twist and pull. He was grabbing ahold of me and pushing. We worked our way from the driver's side of the car around the front of the patrol car over to the passenger door at the mirror.

Then Cunningham pushed off of Sergeant Jones and began to run. Sergeant Jones gave chase. A short time later, officers located Cunningham behind some apartments located near the mall.

---

[1] Martinsville Code of Ordinances § 13-7 provides, "It shall be unlawful and a Class 4 misdemeanor for any person to beg on the streets or in public places in the city."

Cunningham was charged with assault and battery on a law enforcement officer (Code § 18.2-57), flight from a lawful arrest (Code § 18.2-460(E)), impeding a law enforcement officer acting in his duties by threat or force (Code § 18.2-460(B)), and public intoxication (Code § 18.2-388).

On cross-examination at trial, counsel for Cunningham asked Sergeant Jones if he told Cunningham the reason for putting cuffs on him. Sergeant Jones answered, "I didn't get that far, no." Sergeant Jones stated, "Actually I went to cuff him when all this started. After I got up to him to detain him for the initial begging charge, [sic] could smell the odor of alcohol, and he was going to be arrested for drunk in public at that point." Sergeant Jones did not issue a summons for begging. Sergeant Jones testified that the "force" Cunningham used amounted to "pushing" to get away from him and that Cunningham "shoved" him and grabbed hold of his vest. Sergeant Jones also testified that Cunningham posed no threat to the person in the vehicle and he did not have a gun.

At the conclusion of the Commonwealth's case, Cunningham made a motion to strike the evidence. He argued that the evidence was not legally sufficient to support the charges against him because the arrest was unlawful. He argued that Sergeant Jones took Cunningham into custody because he smelled alcohol on Cunningham and that the odor of alcohol alone does not provide probable cause to arrest someone for public intoxication. He asserted that because the arrest lacked probable cause, the arrest was unlawful and therefore the evidence was insufficient to prove that Cunningham fled a *lawful* arrest. He also argued that he had the right to use reasonable force to resist an unlawful arrest and this defense defeats the charge of assault and battery of a law enforcement officer. The Commonwealth replied that Sergeant Jones detained Cunningham pursuant to *Terry v. Ohio*, 392 U.S. 1 (1968), and he had "at least reasonable suspicion" to investigate the begging and possibly drunk in public; when Sergeant Jones went to

detain Cunningham, "it's at that point that everything escalate[d]." The circuit court found sufficient evidence to sustain all charges and denied the motion to strike. Cunningham offered no evidence and renewed his motion to strike, which the court denied.[2]

The circuit court found that the encounter between Sergeant Jones and Cunningham was not an arrest but was an investigatory detention supported by reasonable suspicion, that Cunningham did not have a right to resist the investigatory detention, and that Cunningham grabbed Sergeant Jones and pushed him in an effort to get away. The circuit court found Cunningham not guilty of public intoxication, but guilty of assault and battery of a law enforcement officer and fleeing from a law enforcement officer. Cunningham timely appealed.

STANDARD OF REVIEW

"When faced with a challenge to the sufficiency of the evidence, we 'presume the judgment of the trial court to be correct' and reverse only if the trial court's decision is 'plainly wrong or without evidence' to support it." *Crowder v. Commonwealth*, 41 Va. App. 658, 662 (2003) (quoting *Kelly v. Commonwealth*, 41 Va. App. 250, 257 (2003) (en banc)). However, we review de novo determinations of whether an officer had reasonable suspicion for an investigatory detention, *Edmond v. Commonwealth*, 66 Va. App. 490, 498 (2016), or probable cause to make an arrest, *Doscoli v. Commonwealth*, 66 Va. App. 419, 424-25 (2016). We also apply de novo review "when the issues are the lawfulness of an arrest and the reasonableness of force used to resist an unlawful arrest." *Id.*

---

[2] The circuit court granted the motion to strike the charge of violating Code § 18.2-460(B), obstruction of justice by threat or force.

- 4 -

ANALYSIS

I. Sufficiency of the Evidence to Support Fleeing Law Enforcement

Cunningham argues the evidence was insufficient to prove that he prevented or attempted to prevent a lawful arrest.

Code § 18.2-460(E) states,

> Any person who intentionally prevents or attempts to prevent a law-enforcement officer from lawfully arresting him, with or without a warrant, is guilty of a Class 1 misdemeanor. For purposes of this subsection, intentionally preventing or attempting to prevent a lawful arrest means fleeing from a law-enforcement officer when (i) the officer applies physical force to the person, or (ii) the officer communicates to the person that he is under arrest and (a) the officer has the legal authority and the immediate physical ability to place the person under arrest, and (b) a reasonable person who receives such communication knows or should know that he is not free to leave.[3]

Nothing in the record indicates that Sergeant Jones communicated to Cunningham that he was under arrest, as required in (E)(ii), so the evidence can only be sufficient if it meets the elements of subsection (E)(i).

Cunningham argues that if he was only detained pursuant to *Terry* when he fled, there was no arrest and this charge fails as a matter of law for lack of an arrest. Alternatively, he argues that if he was arrested prior to his flight, the arrest was not lawful and the charge fails for lack of a *lawful* arrest.

The Commonwealth argues that the officer's application of physical force combined with Cunningham's flight satisfies the elements of the statute for subsection (E)(i). Alternatively, the Commonwealth argues that even if the encounter was only an investigative detention at the time

---

[3] This conduct used to be proscribed in Code § 18.2-479.1 using the same language. In 2018, the General Assembly repealed Code § 18.2-479.1 and added its language to subsection E of Code § 18.2-460. 2018 Va. Acts. ch. 417 (amending Code § 18.2-460 and repealing Code § 18.2-479.1 relating to fleeing from a law enforcement officer).

the scuffle began, probable cause to arrest Cunningham developed within the tussle as Cunningham was in the process of battering the law enforcement officer and obstructing justice.

As for lawfulness of an arrest, the Fourth Amendment and the Virginia Code permit "an officer to make a warrantless arrest of a person who has committed a criminal offense in the officer's presence." *Hairston v. Commonwealth*, 67 Va. App. 552, 564 (2017); Code § 19.2-81(B).[4] "[P]robable cause to arrest exists where the 'facts and circumstances within the officer's knowledge . . . are sufficient to warrant a prudent person . . . in believing, in the circumstances shown, that the suspect *has committed*, is committing, or is about to commit an offense.'" *Id.* at 564 (second and third alterations in original) (quoting *Michigan v. DeFillippo*, 443 U.S. 31, 37 (1979)). While probable cause must be based on "articulable" facts, "the officer need not articulate those facts expressly or subjectively rely on them as the basis for h[is] actions." *Id.* at 563. "Rather, *the record* must establish the existence of objective facts proving probable cause." *Id.* "Also, because the constitutional standard is one of objective rather than subjective reasonableness, it is irrelevant whether the accused is prosecuted for, or even charged with, the offense that provided probable cause for an arrest or other seizure in the first instance." *Id*.

We agree with the Commonwealth that probable cause to arrest Cunningham developed by the time he fled from Sergeant Jones. At the time of Cunningham's flight, Sergeant Jones had observed Cunningham begging for money in violation of Martinsville Code of Ordinances § 13-7, obstructing Sergeant Jones in the performance of his duties by wrestling with him over

---

[4] A Class 4 misdemeanor is an offense for which the arresting officer typically should issue only a summons rather than taking the defendant before the magistrate. Code § 19.2-74(2). However, the statute contemplates that the defendant is first either detained by or "in the custody of an arresting officer" before receiving the summons and being released "from custody." *Id.* Regardless, an officer who has probable cause when arresting a defendant satisfies lawfulness for Fourth Amendment purposes, even if under Virginia law the officer should have only issued a summons. *Virginia v. Moore*, 553 U.S. 164, 176 (2008).

the patrol car in violation of Code § 18.2-460(A) or (B), and battering a law enforcement officer in violation of Code § 18.2-57(C). It does not matter that Sergeant Jones had a subjective intent to arrest Cunningham for public intoxication, for which he did not have probable cause. The record objectively demonstrates that Sergeant Jones had probable cause to lawfully arrest Cunningham for several offenses before he fled. There is no dispute that Sergeant Jones applied physical force to Cunningham and that Cunningham fled. Therefore, the evidence is sufficient to support Cunningham's conviction for violating Code § 18.2-460(E).[5]

## II. Assault and Battery of a Law Enforcement Officer

Cunningham argues that the circuit court erred by "rejecting Mr. Cunningham's right to resist an unlawful arrest defense by finding that the encounter between the officer and Mr. Cunningham was an investigatory stop, instead of an arrest." He asserts that Sergeant Jones used excessive restraint for a *Terry* stop—specifically, his attempt to use handcuffs on Cunningham was unreasonable given the non-violent nature of the crimes Jones was investigating, Cunningham's compliance, the time of day, the public place, and that he had no reason to believe Cunningham was armed. Therefore, he contends, Sergeant Jones escalated the encounter to an arrest with his use of unreasonable force and the arrest was unlawful because it was not supported by probable cause. He argues that he had a right to resist the unlawful arrest and that he used reasonable force in resisting.

Code § 18.2-57(C) provides that "if any person commits an assault or an assault and battery against another knowing or having reason to know that such other person is . . . a law-enforcement officer . . . such person is guilty of a Class 6 felony."

_____

[5] We note that the circuit court found "there was no arrest" of Cunningham. However, the record demonstrates all the evidence necessary to our alternative ground for affirming the circuit court, namely that there was probable cause to support a lawful arrest at the time of flight, and we affirm the circuit court's judgment under the "right result for a different reason" doctrine. *Peters v. Commonwealth*, 72 Va. App. 378, 388-89, 391 (2020).

"Under the common law, a citizen generally is permitted to use reasonable force to resist an illegal arrest." *Commonwealth v. Hill*, 264 Va. 541, 546 (2002). "The underlying rationale supporting this common law right is the 'provocation' of an illegal arrest, which operates to excuse an assault directed at thwarting the unlawful arrest." *Id.* at 547. "An unlawful arrest was considered a great provocation at common law because of the dire consequences, including incarceration of extreme duration, which often resulted before an accused was permitted a trial for the charged offense." *Id.*

"Th[e] historical impetus underlying the common law right to resist an illegal arrest does not raise corresponding concerns in the context of a contemporary investigative detention." *Id.*; *see McGee v. Commonwealth*, 25 Va. App. 193, 198 (1997) (en banc) ("[B]rief investigatory stops, commonly referred to as '*Terry*' stops, . . . must be based upon reasonable, articulable suspicion that criminal activity is or may be afoot." (citing *United States v. Sokolow*, 490 U.S. 1, 7 (1939))). In contrast to an arrest, an investigative detention "constitutes a brief, though not inconsequential, restriction on an individual's freedom of movement." *Hill*, 264 Va. at 547. "Because a detention is, by its nature, a brief intrusion on an individual's liberty, the provocation resulting from an illegal detention is far less significant than the provocation that attends an illegal arrest." *Id.* at 548. "Thus, recognition of a right to resist an unlawful detention would not advance the rationale supporting the common law right to use reasonable force to resist an unlawful arrest, but would only serve to increase the danger of violence inherent in such detentions." *Id.* "Close questions as to whether an officer possesses articulable suspicion must be resolved in the courtroom and not fought out on the streets." *Id.* (quoting *State v. Wiegmann*, 714 A.2d 841, 849 (Md. 1998)). Accordingly, a person in the Commonwealth "does not have the right to use force to resist an unlawful detention." *Id.*; *see also Brown v. City of Danville*, 44

Va. App. 586, 606 n.7 (2004) (stating defendant had "no right to forcibly resist the attempted pat down, regardless of whether the initial detention was justified" (citing *Hill*, 264 Va. at 548)).

Cunningham concedes on appeal that his detention for investigation was supported by a reasonable articulable suspicion that he had been begging. According to *Hill*, he had no right to resist the investigatory detention. *Hill*, 264 Va. at 548. Contrary to Cunningham's assertion, Sergeant Jones did not use excessive force during the momentary investigative detention converting the detention into an arrest. "*Terry* stops are not [characterized] . . . by the absence of any restriction upon the suspect's liberty. Indeed, a brief but complete restriction of a suspect's liberty is valid under *Terry*, and the police are permitted to use methods of restraint that are reasonable under the circumstances." *Lawson v. Commonwealth*, 55 Va. App. 549, 559 (2010) (alterations in original) (quoting *Harris v. Commonwealth*, 27 Va. App. 554, 566 (1998)); *see also Thomas v. Commonwealth*, 16 Va. App. 851, 857 (1993) ("Brief, complete deprivations of a suspect's liberty, including handcuffing, 'do not convert a stop and frisk into an arrest so long as the methods of restraint used are reasonable to the circumstances.'"), *aff'd en banc*, 18 Va. App. 454 (1994). Here, when Cunningham initiated the battery, Sergeant Jones had only ordered him to place his hands on the patrol car and then attempted to grab Cunningham's hands. It was at this point when Cunningham escalated the encounter to a physical altercation by resisting the detention and battering Sergeant Jones. *See Montague v. Commonwealth*, 278 Va. 532, 541 (2009) ("Battery is the actual infliction of corporal hurt on another that is done willfully or in anger."). Cunningham twisted around and grabbed hold of Sergeant Jones and pushed and shoved him. After the two spun around the front of the patrol car, Cunningham pushed off of Sergeant Jones and ran. Therefore, the investigatory detention did not become an unlawful arrest based on the officer's unreasonable use of force. We conclude that the circuit court did not err in rejecting Cunningham's defense of resisting an unlawful arrest.

For the foregoing reasons, we affirm the judgment of the circuit court.

*Affirmed.*