Norfolk

SAMUEL MORGAN

v.

COMMONWEALTH OF VIRGINIA

No. 2390-92-1

Decided February 14, 1995

COUNSEL

James S. Ellenson, for appellant.

Kathleen B. Martin, Assistant Attorney General (Stephen D. Rosenthal, Attorney General, on brief), for appellee.

OPINION

WILLIS, J.—On appeal from his convictions of first degree murder and robbery, Samuel Morgan contends that he was denied his right to a speedy trial as guaranteed by Code § 19.2-243. We disagree and affirm the judgment of the trial court.

On January 8, 1991, Morgan was convicted of first degree murder and robbery in connection with the death of James Roy Harris. This appeal raises no question as to the timeliness of that trial. By opinion dated March 31, 1992 and mandate issued May 14, 1992, this Court reversed the January 8, 1991 convictions and remanded the case for retrial. From May 8, 1992 until September 14, 1992, Morgan's attorney was out of the country serving a military obligation in Israel. He notified the trial court and the Commonwealth's Attorney that he would be absent during this time, but he never sought to be relieved of the case.

On September 14, 1992, the case was called on the docket and was scheduled for trial on January 12, 1993. The Commonwealth's Attorney notified Morgan's attorney of the trial date. On October 16, 1992, Morgan moved the trial court to dismiss the charges on the ground that he had been denied his right to a speedy trial. The trial court denied this motion. It advanced the trial date to November 24, 1992, on which date Morgan suffered the convictions on appeal.

Morgan does not contend that he was denied his constitutional right to a speedy trial. He contends only that because he was not tried within the time required within Code § 19.2-243, the charges against him must be dismissed. Therefore, we do not consider the constitutional speedy trial requirement or the criteria enunciated in *Barker v. Wingo*, 407 U.S. 514 (1972). We confine our analysis to the applicability of Code § 19.2-243 to the circumstances of this case.

Code § 19.2-243 provides, in pertinent part:

Where a general district court has found that there is probable cause to believe that the accused has committed a felony, the accused, if he is held continuously in custody thereafter, shall be forever discharged from prosecution for such offense *if no trial is commenced* in the circuit court within five months from the date such probable cause was found by the district court . . . .

\* \* \* \*

But the time during the pendency of any appeal in any appellate court shall not be included as applying to the provisions of this section.

(Emphasis added).

█ Morgan argues that the reversal of his first conviction commenced a new running of the statute, requiring that he be re-tried within five months. He argues that the new calculation should commence with the issuance of our opinion on March 31, 1992, but notes that even if it should run from the date of our mandate on May 14, 1992, his retrial was not timely. He points to nothing in the statute and to no case authority establishing a new five-month period and a new point from which such a five-month period should be calculated. Because we hold that Code § 19.2-243 is inapplicable to retrial following reversal on appeal, we find it unnecessary to consider whether the date of the opinion or the date of the mandate should control a speedy trial analysis.

█ The answer to Morgan's contention lies within the language of the statute itself. Code § 19.2-243 becomes effective if "no trial is commenced" within the prescribed time. A trial was commenced in a timely manner and resulted in the January 8, 1991 convictions. Morgan's retrial, following reversal, was but an extension of that same proceeding, based upon the same indictment and process and following a regular, continuous order of proceedings. Thus, it is distinguishable from a new proceeding, based upon a new indictment and process, implicating a new speedy trial time frame. *See Presley v. Commonwealth*, 2 Va. App. 348, 344 S.E.2d 195 (1986).

▇ Code § 19.2-243 requires the timely commencement of trial. It does not require that trial be concluded within the specified time.

> The object of the statute is to secure a "speedy trial," and where the accused is actually brought to trial within the time required by statute, but . . . where a further delay for a reasonable time is necessary to consider some motion or application of the accused, so that final judgment cannot be entered during such term, the statute has been sufficiently complied with.

*Butts v. Commonwealth*, 145 Va. 800, 808, 133 S.E. 764, 766 (1926). *See also Howell v. Commonwealth*, 186 Va. 894, 898, 45 S.E.2d 165, 167 (1947).

Morgan argues that the concluding paragraph of Code § 19.2-243, directing that the time during the pendency of any appeal shall not be included in calculating compliance, contemplates the circumstances of this case. Thus, he argues, the case must be considered in its original statutory time frame, excluding from the computation the time consumed by appeal. First, we observe that this argument is inconsistent with Morgan's position that a new time frame should be calculated from either the date of the opinion or the date of the mandate on appeal. Second, we note the impracticality of simply excluding time on appeal from a calculation based on adherence to the original time frame. Should the scheduling of the original trial consume almost all of the permitted five months, a not unusual circumstance, by the time the case could be scheduled for retrial, the five-month time limit most likely would have run. We cannot attribute such an unrealistic purpose to this statute.

Again, we find direction in the language and structure of the statute. Code § 19.2-243 addresses the commencement of trial, not the conclusion of proceedings. The enumerated exceptions to the statute's applicability address this requirement. The final paragraph of the statute serves the same purpose. It relates to appeals addressing matters necessary to be resolved prior to the commencement of trial.

The judgment of the trial court is affirmed.

*Affirmed.*

Baker, J., and Elder, J., concurred.