COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Elder and Annunziata
Argued at Richmond, Virginia


STEVEN JEROME JOHNSON

v.      Record No. 0917-94-2      MEMORANDUM OPINION[*] BY
                                  JUDGE ROSEMARIE ANNUNZIATA
COMMONWEALTH OF VIRGINIA               OCTOBER 24, 1995


FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Jose R. Davila, Jr., Judge


        Steven D. Benjamin (Betty Layne DesPortes; Steven D.
        Benjamin and Associates, on briefs), for appellant.

        Eugene Murphy, Assistant Attorney General (James S.
        Gilmore, III, Attorney General; Robert B. Condon,
        Assistant Attorney General, on brief), for appellee.

─────────────────
        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Appellant, Steven Jerome Johnson, appeals his convictions for robbery and use of a firearm in the commission of a robbery on the ground that the Commonwealth failed to prosecute its case within the time limitations prescribed by Code § 19.2-243, relying on the last sentence of Code § 19.2-243 which provides that "the time during the pendency of any appeal in any appellate court shall not be included as applying to the provisions of this section."[1]  Finding no reversible error, we affirm the convictions.

Johnson was arrested on charges of robbery and use of a firearm in the commission of a felony on December 17, 1991.  A preliminary hearing was held on January 9, 1992, and the charges were certified to the circuit court.  On April 27, 1992, he was convicted of the two charges and judgment was entered.  On appeal, this Court reversed and remanded the case for a new trial on December 14, 1993.

On March 11, 1994, Johnson filed a motion to dismiss the indictments for violation of his right to a speedy trial pursuant to Code § 19.2-243.  The trial court denied the motion and Johnson entered a conditional plea of guilty, preserving his right to appeal the motion to dismiss.

---

[1]Although appellant relies on the relevant provision of the United States and Virginia Constitutions in support of his position on appeal, his failure to raise these grounds at the trial level precludes our consideration of them.  Rule 5A:18. See Jacques v. Commonwealth, 12 Va. App. 591, 593, 405 S.E.2d 630, 631 (1991) (citing Rule 5A:18).

This Court has held that Code § 19.2-243 is inapplicable to retrial following reversal on appeal. Morgan v. Commonwealth, 19 Va. App. 637, 453 S.E.2d 914 (1995). In Morgan, the defendant was re-tried following a reversal of his original conviction. Morgan, 19 Va. App. at 638, 453 S.E.2d at 914. Morgan argued that the reversal of his first conviction commenced a new running of the speedy trial statute, requiring that he be re-tried within five months. Id. at 639, 453 S.E.2d at 915. However, this Court held that "Code § 19.2-243 is inapplicable to retrial following reversal on appeal . . . ." Morgan, 19 Va. App. at 639, 453 S.E.2d at 915. The Court stated:

Morgan's retrial, following reversal, was but an extension of that same proceeding, based upon the same indictment and process and following a regular, continuous order of proceedings. Thus, it is distinguishable from a new proceeding, based upon a new indictment and process, implicating a new speedy trial time frame. See Presley v. Commonwealth, 2 Va. App. 348, 344 S.E.2d 195 (1986).

Code § 19.2-243 requires the timely commencement of trial. It does not require that trial be concluded within the specified time. . . . Butts v. Commonwealth, 145 Va. 800, 808, 133 S.E. 764, 766 (1926). See also Howell v. Commonwealth, 186 Va. 894, 898, 45 S.E.2d 165, 167 (1947).

*     *     *     *     *     *     *

[W]e find direction in the language and structure of the statute. Code § 19.2-243 addresses the commencement of trial, not the conclusion of proceedings. The enumerated exceptions to the statute's applicability address this requirement. The final paragraph of the statute serves the same purpose. It relates to appeals addressing

- 3 -

> matters necessary to be resolved prior to the
> commencement of trial.

_Morgan_, 19 Va. App. at 639-40, 453 S.E.2d at 915

We are bound by the principle of _stare decisis_ to apply that ruling to this case.  _See Commonwealth v. Burns_, 240 Va. 171, 172, 395 S.E.2d 456, 457 (1990).  The appellant's convictions are affirmed.

_Affirmed._