COURT OF APPEALS OF VIRGINIA

Present: Judges Baker, Annunziata and Senior Judge Hodges
Argued via teleconference

JEFFREY NELSON RIDDICK

MEMORANDUM OPINION[*]
v.      Record No. 0493-95-1       BY JUDGE WILLIAM H. HODGES
                                        JULY 23, 1996
COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
John E. Clarkson, Judge

Fay F. Spence for appellant.

Monica S. McElyea, Assistant Attorney General
(James S. Gilmore, III, Attorney General, on
brief), for appellee.


Jeffrey Nelson Riddick (appellant) was convicted by a jury of the robbery of Robert Johnson and the attempted robbery of another individual. On appeal, appellant contends his statutory and constitutional speedy trial rights were violated, and that the trial court erred in failing to dismiss the indictments against him. We disagree and affirm the convictions.

<u>I. Statutory Speedy Trial Issue</u>

Code § 19.2-243 provides, in pertinent part, that "the accused, if . . . held continuously in custody thereafter, shall be forever discharged from prosecution . . . if no trial is commenced in the circuit court within five months from the date . . . probable cause was found by the district court . . . ." "The five month requirement of Code § 19.2-243 translates to 152

[*]Pursuant to Code § 17-116.010, this opinion is not designated for publication.

and a fraction days."  Ballance v. Commonwealth, 21 Va. App. 1, 6, 461 S.E.2d 401, 403 (1995).

Appellant's preliminary hearing for attempted robbery occurred on August 4, 1993, and he was incarcerated continuously thereafter.  In order to comply with appellant's statutory speedy trial right, his trial must have commenced within five months of the preliminary hearing, excluding such periods of delay attributable to appellant.  See Code § 19.2-243(1) through § 19.2-243(5).

Following the preliminary hearing, appellant's first court appearance on these charges occurred on September 30, 1993.  As the parties agree, the fifty-seven days between the preliminary hearing and September 30, 1993 should be included within the five month statutory period.  See Nelms v. Commonwealth, 11 Va. App. 639, 642, 400 S.E.2d 799, 801 (1991).  The parties further agree that the days between September 30 to December 21, 1993 should be excluded from the statutory period because appellant joined in the motion to continue the case during that time.  See Code § 19.2-243(4).

Thereafter, trial was delayed from December 21, 1993 to March 1, 1994 (seventy days) and March 1, 1994 to May 12, 1994 (seventy-two days).  Assuming for the sake of argument that the seventy day delay was attributable to the Commonwealth, the March 1, 1994 continuance order clearly demonstrates that appellant moved for a continuance and agreed to the May 12, 1994 trial

date.  "'[W]here a defendant does not object to the accuracy of an order within 21 days after its entry, an appellate court may "presume that the order, as the final pronouncement on the subject, . . . accurately reflects what transpired."'"  Thomas v. Commonwealth, 16 Va. App. 851, 861, 434 S.E.2d 319, 325 (1993) (citations omitted), aff'd en banc, 18 Va. App. 454, 444 S.E.2d 275 (1994).  Thus, the seventy-two day period should not be included in the speedy trial computation.

On May 12, 1994, appellant appeared with counsel, was arraigned for the Johnson robbery and two other robberies, and tendered guilty pleas.  A written plea agreement stated that in exchange for appellant's guilty pleas, the Commonwealth agreed to move to nolle prosequi the charge of attempted robbery.  The court withheld acceptance of the plea agreement and ordered a presentence report.

On July 14, 1994, the trial court rejected the plea agreement, finding the proposed sentences too lenient for the crimes committed.  Appellant withdrew his guilty pleas, and another judge was assigned to the case.  Following a series of continuances, a jury began hearing evidence on March 2, 1995 on the Johnson robbery and the attempted robbery.

Appellant contends that his trial did not commence on May 12, 1994 when he entered his guilty pleas and the plea agreement was tendered to the trial court.  However, we specifically rejected this argument in Riddick v. Commonwealth, 22 Va. App.

136, 468 S.E.2d 135 (1996), a case involving another robbery to which appellant entered a guilty plea on May 12, 1994.  We observed that "'"[t]he trial of a criminal case begins with the arraignment . . ., and ends with the sentence pronounced upon him by the court,"'" and concluded that the proceedings against appellant commenced, for speedy trial purposes, on May 12, 1994. Id. at 143, 468 S.E.2d at 138 (citations omitted).

Although appellant was not arraigned on the attempted robbery charge on May 12, 1994, he then agreed to the disposition of the attempted robbery charge contingent upon the court's acceptance of the plea agreement.  Because that charge was to be nolle prossed as part of the agreement, arraignment upon the offense was not necessary.  Accordingly, the proceedings on May 12, 1994 commenced appellant's trial for robbery and attempted robbery within the intendment of Code § 19.2-243.

Including the seventy day period mentioned above, on May 12, 1994 only 127 days of delay arguably attributable to the Commonwealth had passed since the preliminary hearing.  Thus, appellant's trial did not begin later than the period prescribed by Code § 19.2-243.  The subsequent procedural events constituted "an extension of that same proceeding, based upon the same indictment and process and following a regular, continuous order . . . ." Morgan v. Commonwealth, 19 Va. App. 637, 639, 453 S.E.2d 914, 915 (1995).  See Rule 3A:8(c).  While these proceedings doubtless necessitated delay, "Code § 19.2-243

requires the timely commencement of trial[,] . . . not . . . that trial be concluded within the specified time." Morgan, 19 Va. App. at 640, 453 S.E.2d at 915. Thus, appellant's speedy trial right guaranteed by Code § 19.2-243 was not violated.

## II. Constitutional Speedy Trial Issue

In Barker v. Wingo, 407 U.S. 514 (1972), the Supreme Court of the United States, "recognizing the difficulty in evaluating speedy trial claims, adopted a balancing test" which "identified four factors to be assessed by courts in determining whether a particular defendant has been deprived of his speedy trial right: (1) the length of delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and (4) prejudice to the defendant." Holliday v. Commonwealth, 3 Va. App. 612, 616, 352 S.E.2d 362, 364 (1987). There is, however, no "precise formula for determining when a constitutional right to a speedy trial has been abridged." Moten v. Commonwealth, 7 Va. App. 438, 445, 374 S.E.2d 704, 708 (1988).

A significant portion of the delay between appellant's arrest and the seating of a jury to hear evidence was occasioned by his own continuance requests. Appellant requested or concurred in pretrial delays of at least 154 days, from September 30 to December 21, 1993 and from March 1 to May 12, 1994. In fact, appellant did not object to the delay until October of 1994, after his "trial" for purposes of Code § 19.2-243 had already commenced. Other than the mere passage of time,

-5-

appellant has demonstrated no prejudice from the delay.  Under these circumstances, appellant's constitutional right to a speedy trial was not violated.

For the foregoing reasons, we affirm appellant's convictions.

<u>Affirmed</u>.