## CIRCUIT COURT OF STAFFORD COUNTY

Commonwealth of Virginia

v.

Ronell Hill

August 21, 1996

Case No. (Crim.) 95000427

BY JUDGE JAMES W. HALEY, JR.

The Defendant has moved for dismissal of the felony charge against him relying on the speedy trial provisions of Va. Code § 19.2-243. The pertinent facts are set forth in the court's findings below.

The court has considered those portions of the transcript and orders in this case related to the speedy trial issue raised by Defendant. *Williams v. Commonwealth*, 2 Va. App. 566, 569, 347 S.E.2d 146, 148 (1986).

The court finds as facts the following. The prosecution of the case was timely commenced. The motion for mistrial, which was granted by the court, was made by the Defendant. The basis for the motion was a non bad faith error on the part of the Commonwealth in failing to redact a sentence prejudicial to the Defendant in an otherwise admissible videotape confession, there being no evidence whatsoever that the failure was purposeful or otherwise in bad faith.

The five enumerated exceptions to Va. Code § 19.2-243 are "not intended to exclude other circumstances *in pari ratione.*" *Knott v. Commonwealth*, 215 Va. 531, 533, 211 S.E.2d 86, 88 (1975). See also, *Walker v. Commonwealth*, 225 Va. 5, 301 S.E.2d 28 (1983); *Cantwell v. Commonwealth*, 2 Va. App. 606, 347 S.E.2d 523 (1986). Other circumstances are *in pari ratione* when they are of "similar nature" or "fairly implicable by the Courts from the reason and spirit of the law." *Commonwealth v. Adcock*, 49 Va. (8 Gratt.) 661, 681 (1851), cited with approval in *Stephens v. Commonwealth*, 225 Va. 224, 230, 301 S.E.2d 22 (1983). A delay based upon a mistrial (other than one based upon the jury's inability to reach a verdict) is not one of the five enumerated exceptions.

Va. Code § 19.2-243 requires the commencement of the trial within the statutory period, but not its conclusion. *Morgan v. Commonwealth*, 19 Va. App. 637, 453 S.E.2d 914 (1995). The burden is upon the Commonwealth to explain any delay in that commencement. *Moten v. Commonwealth*, 7 Va. App. 438, 374 S.E.2d 704 (1988).

Excuses held *in pari ratione* include motions to suppress, *Stevens, supra, Cantrell, supra*, reversal upon appeal, *Morgan, supra*,[1] out-of-state detention, *Williamson v. Commonwealth*, 13 Va. App. 655, 414 S.E.2d 609 (1992), non-cooperation by Defendant in psychological examination, *Moten, supra*, and *Jones v. Commonwealth*, 13 Va. App. 566, 414 S.E.2d 193 (1992), and the necessity of appointing new counsel because of Defendant's uncooperative attitude with initial counsel. *Shearer v. Commonwealth*, 9 Va. App. 394, 388 S.E.2d 828 (1990).

This court holds that the declaration of a mistrial upon the Defendant's motion, in the absence of evidence of bad faith on the part of the Commonwealth in causing that mistrial, stands *in pari ratione* to those exceptions to the speedy trial standards set forth in Va. Code § 19.2-243.[2] In this case, therefore, the Commonwealth has met its burden to explain the delay, and accordingly, the motion to dismiss based upon Va. Code § 19.2-243 is denied.

---

[1] Subsequent to *Morgan*, the Legislature amended Va. Code § 19.2-243 by noting that any "time during the pendency of any appeal . . . shall not be included as applying to the provisions of this section."

[2] In *Foster v. Commonwealth*, 8 Va. App. 167, 172, 380 S.E.2d 12, 16 (1989), the court stated: "We assume without deciding that the delay resulting from the mistrial is not attributable to [defendant] because a motion for a mistrial does not fit within any of the five exceptions stated in Code § 19.2-243." This court notes that the quotation proclaims itself *dicta*, and fails to address the proposition that excuses for delay include those *in pari ratione* to the five enumerated exceptions in Va. Code § 19.2-243.