COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Frank and Clements


ANDREW VITKOW

                                    MEMORANDUM OPINION* BY
v.    Record No. 0531-01-4          JUDGE ROBERT P. FRANK
                                         MAY 14, 2002

COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
                   William T. Newman, Jr., Judge

            (Robert W. Gookin, on brief), for appellant.
            Appellant submitting on brief.

            (Randolph A. Beales, Attorney General;
            Kathleen B. Martin, Assistant Attorney
            General, on brief), for appellee.  Appellee
            submitting on brief.


     Andrew Vitkow (appellant) appeals a decision of the trial

court revoking two years and ten months of a previously

suspended sentence.  He contends the trial court lacked

jurisdiction to extend his period of probation and also argues

no sentence remained to impose.  For the reasons stated below,

we find the trial court had authority to enter the orders, but

we remand for clarification of appellant's sentence.

                             BACKGROUND

     Appellant pled guilty and was convicted of forgery on

November 30, 1994.  Appellant's sentencing hearing was held on

May 5, 1995.  On that day, the trial court entered an order,

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

titled "Order of Placement on Community Work Force," which listed appellant's sentence as three years "in the Arlington County Detention Center, suspended" and placed him on probation for three years. Another order, signed on June 21, 1995, suspended all but 60 days of the three-year sentence and placed appellant on probation for three years.

The trial court received a letter on April 22, 1998, explaining appellant had violated the terms of his probation. The trial court issued a capias on June 1, 1998. The capias warrant was lodged as a detainer on June 8, 1998, because appellant was incarcerated in Maryland. The capias was executed on November 24, 1998.

At the revocation hearing on December 4, 1998, appellant conceded he had violated the terms of his probation. An order, signed on December 29, 1998, continued the case "for status" to June 4, 1999, and remanded appellant to jail. Appellant was ordered "into the ACT Unit" on March 15, 1999.

By order entered on July 14, 1999, the trial court granted appellant's motion "to reduce sentence to time served," on the condition that his probation be extended for three years and he complete any programs suggested by his probation officer. The order continued the case to allow appellant to complete community service. The court reviewed appellant's case on December 3 and entered an order on December 22, 1999, continuing

appellant's "probation with the same terms and conditions set forth in the Courts [sic] order entered June 21, 1995."

On May 10, 2000, appellant pled guilty to reckless driving, with an offense date of June 6, 1999. After a probation officer advised the trial court that appellant had violated the terms of his probation again, the court issued a show cause on July 11, 2000. A hearing was set for August 18, 2000, but was continued several times on appellant's motions.

At the revocation hearing on February 2, 2001, appellant asserted the court lacked jurisdiction to revoke his suspended sentence. Appellant argued that the time period during which the court could revoke the suspended sentence expired on June 21, 1999, and the court's order extending his probation was not entered until July 14, 1999. According to appellant, the court had no jurisdiction to act when it extended his probation in 1999 and, thus, could not find he subsequently had violated his probation.[1]

The trial court determined it had jurisdiction to extend appellant's probation in 1999. The court found appellant had violated the terms of his probation and imposed a sentence of two years and ten months. Appellant filed a pro se motion for reconsideration, which the court denied.

---

[1] The Commonwealth does not argue that appellant failed to preserve any objection to this 1999 order. The Commonwealth also does not object to the characterization of this issue as "jurisdictional."

ANALYSIS

On appeal, appellant contends that, under Code § 19.2-306, the trial court had until May 5, 1999, to revoke his suspended sentence and, therefore, had no jurisdiction to extend the period of probation and suspension by an order entered after that date. Appellant contends the further revocation proceedings are void. Appellant also argues he had no sentence left to serve.

A.  Code § 19.2-306[2]

Code § 19.2-306 states:

> [t]he court may, for any cause deemed by it sufficient which occurred at any time within the probation period, . . . revoke the suspension of sentence and any probation if the defendant be on probation and cause the defendant to be arrested and brought before the court at any time within one year after the probation period . . . . In case the execution of the sentence has been suspended, the original sentence shall be in full force and effect . . . .

Under this section, the trial court had authority to base its revocation of appellant's suspended sentence on his violations

---

[2] Appellant conceded he did not preserve this issue under Rule 5A:18; however, he invoked the ends of justice exception to this rule. The Commonwealth conceded this issue is jurisdictional. Generally, jurisdictional issues may be raised at any time, notwithstanding Rule 5A:18. See Nelson v. Warden of the Keen Mt. Corr. Ctr., 262 Va. 276, 281, 552 S.E.2d 73, 75 (2001). Therefore, we do not address whether appellant needed to preserve this issue under Rule 5A:18. For the purposes of this case, we assume without deciding that Code § 19.2-306 establishes the jurisdiction of the trial court and this argument is appropriately before this Court.

of the conditions of probation as explained in the April 22,

1998 letter and conceded by appellant at his hearing. These

violations clearly occurred within the probation period, i.e.,

three years from the sentencing date on the forgery conviction.[3]

Appellant also was "arrested and brought before the court"

within the time period established by Code § 19.2-306. The

trial court issued a bench warrant on June 1, 1998, and the

order finding appellant guilty of violating the terms of his

probation was entered on December 29, 1998. Both these dates

fall before May 5, 1999, one year after the end of the probation

period, as required by the statute. See Code § 19.2-306.

Appellant contends the date of the final order, July 14,

1999, exceeds the time limitation set by Code § 19.2-306 and,

therefore, the trial court had no jurisdiction. We disagree.

The probation statues, such as Code § 19.2-306, are "highly

remedial and should be liberally construed" to provide trial

courts with a valuable tool for rehabilitating criminals. Dyke

v. Commonwealth, 193 Va. 478, 484, 69 S.E.2d 483, 486 (1952).

"In addition, the power of the courts to revoke suspensions and

probation for breach of conditions must not be restricted beyond

---

[3] The trial court signed two orders, both of which contain the elements of a sentencing order. Appellant argues the May 5, 1995 order, which is a preprinted form, is the final order. The Commonwealth argues the second order, signed on June 21, 1995, should be considered the final order. For purposes of this appeal, we assume without deciding that the May 5, 1995 order is the final order.

the statutory limitations." Grant v. Commonwealth, 223 Va. 680, 684, 292 S.E.2d 348, 350 (1982).

"[W]hen the language of an enactment is free from ambiguity, resort to legislative history and extrinsic facts is not permitted because we take the words as written to determine their meaning." Brown v. Lukhard, 229 Va. 316, 321, 330 S.E.2d 84, 87 (1985). The plain language of Code § 19.2-306 creates a time limitation that is satisfied when the trial court takes action to "cause the defendant to be arrested and brought before the court." (Emphasis added). The statute does not require the conclusion of the revocation proceeding within this time frame. The statute instead refers to the "outside time limit within which the court may recall a defendant," Bolesta v. Commonwealth, 26 Va. App. 503, 505, 495 S.E.2d 531, 532 (1998), not within which the trial court must conclude the proceeding.

We have addressed a similar issue in the speedy trial context. In Morgan v. Commonwealth, 19 Va. App. 637, 453 S.E.2d 914 (1995), this Court discussed the statutory speedy trial provisions of Code § 19.2-243. That section mandates a trial "commence[] in the circuit court within five months from the date [that] probable cause was found." Code § 19.2-243. We held, "Code § 19.2-243 requires the timely commencement of trial. It does not require that trial be concluded within the specified time." Morgan, 19 Va. App. at 640, 453 S.E.2d at 915. Similarly, Code § 19.2-306 requires the court initiate action on

a probation violation before the specified period, but does not require conclusion of the proceeding within that time frame.

Since appellant was "arrested and brought before the court" within one year from the end of his initial period of suspension, as required by Code § 19.2-306, the trial court had the authority to revoke appellant's sentence and extend his probation. See Wright v. Commonwealth, 32 Va. App. 148, 152-53, 526 S.E.2d 784, 786-87, aff'd on other gds., 261 Va. 1, 539 S.E.2d 432 (2000) (explaining a trial court can impose a new period of suspension after a show cause hearing, if the time limitation of Code § 19.2-306 is met). Indeed, the revocation hearing itself was held within the statutory time frame. Other than the entry of the final order, the revocation proceeding had been completed prior to the conclusion of the period established by the Code.[4] As this order extended the probationary period for three years, the trial court retained jurisdiction over appellant and could revoke his suspension, as it did in this case.

---

[4] Since we find the trial court timely conducted appellant's revocation hearing within four years of the sentencing, we do not address tolling because appellant was incarcerated in Maryland, see Rease v. Commonwealth, 227 Va. 289, 316 S.E.2d 148 (1984), nor do we discuss whether the time limitation is based on the maximum period to which the trial court originally could have sentenced appellant, see Carbaugh v. Commonwealth, 19 Va. App. 119, 449 S.E.2d 264 (1994).

B.  Sentencing

Appellant next contends the trial court reduced his sentence to "time served" at the first probation violation hearing, leaving no suspended sentence to revoke at the subsequent revocation proceeding.  Appellant concedes he did not present this argument to the trial court, and he invokes the ends of justice exception to Rule 5A:18.  The Commonwealth argues Rule 5A:18 applies to this circumstance.

If appellant were correct that the trial court reduced his original sentence during the first probation violation hearing, then potentially an "ends of justice" exception would apply as the court could be imposing a new and increased sentence on appellant without the jurisdiction to do so.  Cf. Robertson v. Superintendent of the Wise Correctional Unit, 248 Va. 232, 236, 445 S.E.2d 116, 118 (1994) (noting Code § 19.2-306 does not give a court "authority to lengthen the period of incarceration" after entry of a sentence on the underlying charge).  However, the trial court did not reduce appellant's underlying three-year sentence to "time served."

Trial courts "have the authority to interpret their own orders."  Fredericksburg Constr. Co., Inc. v. J.W. Wyne Excavating, Inc., 260 Va. 137, 144, 530 S.E.2d 148, 152 (2000).  When examining a trial court's order on appeal, we defer to the interpretation adopted by that lower court.  Id.; Smoot v. Commonwealth, 37 Va. App. 495, 500, 559 S.E.2d 409, 411 (2002).  Our analysis here, therefore, requires determining whether the trial court abused its discretion when interpreting its July 14,

1999 order.  We find the trial court did not abuse its discretion.

The July 14, 1999 order, upon which appellant bases his argument, amended that original probation violation ruling as follows:

> Whereupon this case came before the Court on the Defendant's motion to reduce sentence to time served and argument of counsel was heard on same.
>
> Upon consideration whereof it is the opinion of the Court that the Defendant's motion be and it hereby is granted with the added special condition:
>
> That the Defendant's probation be extended for three (3) years; complete any substance abuse or after care programs fixed by his Probation Officer.

Implicitly, this order suspends the remaining time, especially as probation is explicitly extended for three years. If the judge had intended to eliminate the remainder of appellant's sentence, then he would not have included a provision for probation, as no suspended sentence would remain to impose if the terms of probation were violated.

Examining the exact wording of the order confirms the conclusion that the trial court did not abuse its discretion when it found the order did not reduce appellant's original sentence.  The order grants appellant's "motion to reduce sentence,"[5] but "with the added special condition:  That the

---

[5] The record contains neither a written motion nor the transcript of the hearing where this motion was argued.

Defendant's probation be extended."  The "reduction," therefore, was conditioned upon probation, a condition that appellant violated.  When appellant violated this condition, the "reduction" was abrogated.

Additionally, this July 1999 order was not final.  Instead, this order continued the case, which finally concluded with a December 22, 1999 order.  The December order refers back to the original 1995 order that set three years as appellant's sentence.  This final order did not eliminate the remainder of appellant's sentence.

We conclude the trial court did not abuse its discretion in its interpretation of its own order.  The order granting the "motion to reduce sentence to time served" does not specify whether the reduction refers to the underlying forgery charge or to the revoked suspended sentence for the probation violation. The trial court had the authority to interpret its own order. See Fredericksburg Constr. Co., 260 Va. at 144, 530 S.E.2d at 152.  The court determined that the July 14, 1999 order, granting the "motion to reduce," referred to a motion to reduce the time to serve on the probation violation, not the underlying charge.  That interpretation is fair, given no written or oral motion is included in the record and the July 1999 order does not specify which sentence is to be reduced.

"In order to avail oneself of the [ends of justice] exception, a defendant must affirmatively show that a miscarriage

of justice has occurred, not that a miscarriage _might_ have occurred."  Redman v. Commonwealth, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997) (emphasis in original).  A review of the record does not affirmatively show a miscarriage of justice occurred and, therefore, provides insufficient grounds for the invocation of the ends of justice exception to Rule 5A:18.

Appellant originally was sentenced to three years for committing forgery.  He served two months, and two years and ten months were suspended.  Appellant then served an undisclosed amount of time for his first probation violation.  The second probation violation order sentences appellant to serve two years and ten months.

The wording of this order does not clearly give appellant credit for the time he served under the first probation violation.  As appellant has served part of the remaining two years and ten months, he cannot be required to serve the entirety of two years and ten months for the second probation violation.  See Robertson, 248 Va. at 236, 445 S.E.2d at 118 (Code § 19.2-306 does not give a court "authority to lengthen the period of incarceration" after entry of a sentence on the underlying charge).

Therefore, while we affirm the trial court's finding that appellant violated his probation, we remand this case for a recalculation of appellant's remaining time to serve, giving appellant credit for time served.

Affirmed, in part,
and remanded, in part.