UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:    Chief Judge Decker, Judges Malveaux and Athey
Argued by videoconference


GREG EUGENE MINITEE, A/K/A
  GREGORY EUGENE MINITEE
                                                    MEMORANDUM OPINION* BY
v.        Record No. 1054-19-2                    JUDGE CLIFFORD L. ATHEY, JR.
                                                           JULY 12, 2022
COMMONWEALTH OF VIRGINIA


UPON REMAND FROM THE SUPREME COURT OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
W. Reilly Marchant, Judge[1]

Catherine French Zagurskie, Chief Appellate Counsel (Virginia
Indigent Defense Commission, on briefs), for appellant.

Sharon M. Carr, Assistant Attorney General (Jason S. Miyares,
Attorney General, on briefs), for appellee.


Greg Eugene Minitee ("Minitee") was convicted of two counts of robbery in violation of

Code § 18.2-58 and two counts of use of a firearm during the commission of a felony in violation of

Code § 18.2-53.1.  Upon remand from the Supreme Court of Virginia, the remaining issues before

this Court are: (1) whether the trial court erred in denying Minitee's motion to dismiss based on an

alleged violation of his statutory and constitutional speedy trial rights and (2) whether the trial court

erred in denying Minitee's motion for Judge Marchant to recuse himself.  Because Minitee's

statutory and constitutional speedy trial rights were not violated and because Judge Marchant did

not abuse his discretion in denying the motion seeking his recusal, we affirm.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Judge W. Reilly Marchant presided over both trials in this case.  Chief Judge Joi Jeter
Taylor declared the mistrial at issue in this appeal.

I. BACKGROUND

In accordance with familiar principles of appellate review, the facts are recited in the light most favorable to the Commonwealth as the prevailing party below. *Lambert v. Commonwealth*, 298 Va. 510, 512 (2020).

On April 25, 2018, Minitee was arrested for allegedly robbing a convenience store six days prior, on April 19, 2018, and for using a firearm during that robbery ("April 19 charges"). He was held without bond on the April 19 charges. Subsequently, on June 13, 2018, the City of Richmond General District Court found probable cause that Minitee committed the April 19 offenses. Next, on July 2, 2018, a grand jury indicted Minitee both for the April 19 charges and for the robbery and use of a firearm in the commission of another robbery of a convenience store he allegedly robbed on April 23, 2018 ("April 23 charges").[2] He was served with the indictments for the April 23 charges on July 7, 2018. Judge Marchant later granted the Commonwealth's motion to join the two sets of charges.

His jury trial on both the April 19 and April 23 charges was originally set to begin on Friday, October 30, 2018, but was continued on Minitee's motion to Friday, November 30, 2018. On that day, a jury was impaneled and five witnesses testified for the Commonwealth before the trial court recessed the jury trial for the weekend. The trial was scheduled to resume on Monday, December 3, 2018. However, on Sunday, December 2, Judge Marchant notified counsel via email that he could not continue to preside over the trial because he had injured his back. He further advised the parties that another judge would appear on Monday to declare a mistrial. Chief Judge Joi Taylor appeared on Monday and declared a mistrial over the objections of both the Commonwealth and Minitee. Minitee proffered at that time that his witnesses were available and

---

[2] Minitee was indicted for additional offenses at that time, but the Commonwealth later chose to *nolle prosequi* those charges.

that one witness had even travelled from out of state. In overruling the objections, Chief Judge Taylor acknowledged that both parties were ready to proceed but that she was still declaring a mistrial because of the circumstances involving Judge Marchant's back injury.

On December 13, 2018, when the trial court was asked to reconsider bond, Minitee for the first time raised double jeopardy and speedy trial objections "for purposes of the record" and asked Judge Marchant to recuse himself from presiding over the second trial. Judge Marchant ultimately denied both motions. He also overruled multiple pretrial continuance motions filed by Minitee leading up to the second jury trial, which Judge Marchant presided over starting on April 24, 2019. The second jury found Minitee guilty on all four felony charges. Minitee received a twenty-year sentence.

Minitee appealed to this Court, which reversed his convictions on double jeopardy grounds but declined to address the speedy trial and recusal arguments. *Minitee v. Commonwealth*, No. 1054-19-2 (Va. Ct. App. Dec. 8, 2020). The Commonwealth appealed to the Supreme Court of Virginia. By unpublished order, the Supreme Court reversed this Court, holding that Minitee's objection to the mistrial "just for the purposes of the record" was not sufficient to preserve his contention that a mistrial was not manifestly necessary. *Commonwealth v. Minitee*, No. 210031 (Va. Dec. 16, 2021). The case was then remanded to this Court to address Minitee's remaining two assignments of error, in which he contends that the trial court erred in deciding his statutory and constitutional speedy trial rights had not been violated and in denying his motion to recuse.

## II. ANALYSIS

Minitee contends that both his statutory and constitutional speedy trial rights were violated as a result of the trial court declaring a mistrial over his objection. Minitee also argues that the mistrial declaration did not toll the statutory speedy trial time period because the mistrial did not fall within an exception to Code § 19.2-243. We find that the requirements of Code § 19.2-243 were

satisfied because the first jury trial commenced within the prescribed time.  We also conclude that Minitee's constitutional speedy trial right was not violated.  And we conclude that Judge Marchant did not abuse his discretion when he declined to recuse himself from presiding over the second trial.

### A.  *Statutory Speedy Trial*

"On appeal, a statutory speedy trial challenge presents a mixed question of law and fact.  The Court reviews legal questions de novo, while giving deference to the trial court's factual findings."  *Young v. Commonwealth*, 297 Va. 443, 450 (2019).

This Court has repeatedly held that the speedy trial statute provides for "exceptions in circumstances 'beyond the control of the trial judge and the parties,' when delays are warranted to 'ensure a fair trial to both the accused and the Commonwealth.'"  *Schwartz v. Commonwealth*, 45 Va. App. 407, 426 (2005) (quoting *Baity v. Commonwealth*, 16 Va. App. 497, 502 (1993)).

Under Code § 19.2-243, a trial must have "commenced in the circuit court within five months from the date" the defendant was arrested on offenses for which the defendant was indicted, or from the time probable cause was found by the district court.  "The five-month requirement translates 'to 152 and a fraction days.'"  *Howard v. Commonwealth*, 55 Va. App. 417, 423 (2009) (quoting *Ballance v. Commonwealth*, 21 Va. App. 1, 6 (1995)).

> Any delays that are chargeable to the defendant are subtracted from the total number of days that elapse from the day after the finding of probable cause to the commencement of trial.  If the time thus calculated exceeds 152 and a fraction days, the defendant "shall be forever discharged from prosecution for such offenses."

*Robinson v. Commonwealth*, 28 Va. App. 148, 152 (1998) (quoting Code § 19.2-243).

In *Fisher v. Commonwealth*, 26 Va. App. 788 (1998), we addressed when a trial has "commenced" under Code § 19.2-243, holding that the statute "addresses the commencement of trial, not the conclusion of proceedings."  *Id.* at 792 (quoting *Morgan v. Commonwealth*, 19 Va. App. 637, 640 (1995)).  We held in *Fisher* that the time between a mistrial and the subsequent

retrial did not violate the defendant's statutory speedy trial right because the defendant's trial "commenced" under Code § 19.2-243 when the defendant's first trial began. *Id.* at 793. Hence, when the first trial ends in a mistrial, a defendant's retrial is "'but an extension of that same proceeding, based upon the same indictment and process and following a regular, continuous order' and without 'implicating a new speedy trial time frame.'" *Id.* (quoting *Morgan*, 19 Va. App. at 639).

Here, probable cause for the April 19 charges was found by the general district court on June 13, 2018. The five-month statutory period for the commencement of Minitee's trial would have ended on November 12, 2018, had there been no continuances or other statutorily enumerated exceptions. In addition, Minitee was served with the indictments for the April 23 charges on July 7, 2018. The five-month statutory period for commencement of trial on those charges would have expired on December 6, 2018. His original trial date was set for October 30, 2018, which was within the five-month time frame required by Code § 19.2-243 for both sets of charges.

Because that original trial date was continued on Minitee's motion until November 30, 2018, that delay cannot be considered when computing the five-month time period. Code § 19.2-243(4). At the time Minitee was granted the continuance on October 29, 138 days were chargeable to the Commonwealth for the April 19 charges, and only 114 days were chargeable to the Commonwealth for the April 23 charges. That continuance also tolled the speedy trial clock until the new trial date on November 30, 2018.

Therefore, since Minitee's first trial began within the five-month statutory period, the second trial was simply "an extension of that same proceeding, based upon the same indictment and process and following a regular, continuous order[.]" *Morgan*, 19 Va. App. at 639. As a result, Minitee's statutory speedy trial rights were not violated.

B. *Constitutional Speedy Trial*

We analyze the statutory and constitutional speedy trial claims separately because the constitutional claim is based on the total length of time between either the arrest or service of the indictments and the retrial. *See Johnson v. Commonwealth*, 252 Va. 425, 429 (1996); *Rogers v. Commonwealth*, 5 Va. App. 337, 344-48 (1987); *see also Hudson v. Commonwealth*, 39 Va. App. 240, 245 (2002). For purposes of this analysis, we assume without deciding that Minitee properly raised a constitutional speedy trial objection below. *See Hicks v. Commonwealth*, 71 Va. App. 255, 266 (2019) (citing *Byrd v. Commonwealth*, 50 Va. App. 542, 549 (2007)).

The constitutional speedy trial test[3] requires us to weigh four factors: "[l]ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." *Barker v. Wingo*, 407 U.S. 514, 530 (1972). "On appeal, a defendant must establish that 'on balance,' the factors 'weigh in his favor.'" *Ali v. Commonwealth*, ___ Va. App. ___, ___ (May 31, 2022) (quoting *United States v. Thomas*, 55 F.3d 144, 148 (4th Cir. 1995)).

However, "[u]nless there is delay which is presumptively prejudicial, it is unnecessary to inquire as to the other factors." *Sheard v. Commonwealth*, 12 Va. App. 227, 231 (1991).

1. Length of Delay

"[T]he length of delay that will" be considered presumptively prejudicial "is necessarily dependent upon the peculiar circumstances of the case." *Barker*, 407 U.S. at 530-31. We recently held in *Ali* that a delay of one year is generally presumptively prejudicial. ___ Va. App. at ___; *see also Miller v. Commonwealth*, 29 Va. App. 625, 633 (1999) (holding that a delay of thirteen months was presumptively prejudicial). Here, based on the retrial date of April 24,

---

[3] *See Holliday v. Commonwealth*, 3 Va. App. 612, 615-16 (1987) (recognizing that the speedy trial right under Virginia's constitution is coextensive with the federal right).

2019, there was a delay of 364 days (twelve months) for the April 19 charges and 291 days (almost ten months) for the April 23 charges because Minitee was arrested for the former on April 25, 2018, and served with indictments for the latter on July 7, 2018.  *See United States v. Marion*, 404 U.S. 307, 320 (1971) ("[E]ither a formal indictment or information or else the actual restraints imposed by arrest and holding to answer a criminal charge . . . engage the particular protections of the speedy trial provision of the Sixth Amendment.").  The delay from the mistrial declaration on December 3, 2018, to the retrial was 142 days (approaching five months).  *See Rogers*, 5 Va. App. at 345 (analyzing a constitutional speedy trial claim based on the length of delay between a mistrial declaration and subsequent retrial).

To decide this case on the best and narrowest ground, we assume without deciding that the total delays—twelve and ten months, respectively—were presumptively prejudicial and proceed to analyze the remaining factors.  *See Luginbyhl v. Commonwealth*, 48 Va. App. 58, 64 (2006) (*en banc*) (discussing best and narrowest ground principles and noting that applying them "does not foreclose a future review of a constitutional issue").

### 2. Reasons for the Delay

Next, we consider the reasons for the delay.  The reasons for each portion of the delay must be analyzed separately.  *See Ali*, ___ Va. App. at ___.  After discerning which portions should be attributed to the defendant, the remaining portions are attributed to the Commonwealth, and those in turn are evaluated to determine which portions were justified.  *Id.* (citing *Fowlkes v. Commonwealth*, 218 Va. 763, 767 (1978)).  Whether a delay is justified depends in part on whether the Commonwealth acted in bad faith or negligently.  *Jefferson v. Commonwealth*, 23 Va. App. 652, 659 (1996); *Doggett v. United States*, 505 U.S. 647, 652-53 (1992); *Strunk v. United States*, 412 U.S. 434, 436 (1973) ("Unintentional delays caused by overcrowded court dockets or understaffed prosecutors are among the factors to be weighed less

heavily than intentional delay, calculated to hamper the defense . . . ."); *United States v. Eight Thousand Eight Hundred and Fifty Dollars ($8,850) in U.S. Currency*, 461 U.S. 555, 566 (1983) (citations omitted) (noting that defendants sometimes seek or acquiesce in administrative proceedings that are corollary to judicial proceedings and that delay those judicial proceedings because the administrative proceedings have a realistic chance of benefitting those defendants).

On appeal, Minitee does not argue that the Commonwealth acted in bad faith. Nor does he argue that the Commonwealth negligently caused any of the delays incurred before November 30, 2018. Instead, he argues only that the portions of the delay flowing from the mistrial declaration and attributable to the Commonwealth should be weighed heavily against the Commonwealth because the Commonwealth negligently failed to request a substitute judge to immediately take Judge Marchant's place. We nevertheless examine all periods of delay in order to perform the calculations necessary to apply constitutional speedy trial principles.

A delay is attributable to the defendant if it was requested by the defendant, *Price v. Commonwealth*, 24 Va. App. 785, 790-91 (1997), the defendant "concurred" in the delay, *Arnold v. Commonwealth*, 18 Va. App. 218, 223 (1994), or one of the purposes of the delay was to enable the defendant to prepare, *Heath v. Commonwealth*, 32 Va. App. 176, 182 (2000). A delay is also attributable to the defendant if it was requested by the defendant's state-provided attorney, even when the attorney requested the delay solely due to his or her "heavy workload and the need for further investigation." *Vermont v. Brillon*, 556 U.S. 81, 86, 90-93 (2009).

Here, Minitee was responsible for forty-eight days of the total delay. First, Minitee requested a continuance to enable one of his witnesses to attend and to permit counsel to review recently obtained *Brady* materials. This request delayed the first trial from October 30, 2018, to November 30, 2018. He had previously requested and been denied a continuance and the Commonwealth opposed both requests; this delay is attributable to Minitee, as he conceded

- 8 -

below. That delay was thirty-one days long. Second, after the mistrial, he requested a bond hearing that resulted in a delay from December 3, 2018, to December 13, 2018. Minitee also conceded below that this delay was attributable to him. This delay was ten days long. Third, shortly before the retrial was originally scheduled, Minitee requested a continuance because one of his attorneys had a car accident, and the retrial was delayed from April 17, 2019, to April 24, 2019. This delay was seven days long. Therefore, forty-eight days of delay were attributable to Minitee.

The rest of the delay is attributable to the Commonwealth. Delay attributable to the government weighs against it, but the extent to which the government caused a portion of the delay intentionally or negligently is an important part of the balancing. *Jefferson*, 23 Va. App. at 659. Here, because forty-eight days of delay were attributable to Minitee, a total of 316 days for the April 19 charges and 243 days for the April 23 charges were attributable to the Commonwealth. The delay before the first trial appears to be nothing more than delay in the ordinary administration of justice. *See, e.g.*, *Ali*, ___ Va. App. at ___. As discussed below, we hold that the same is true of the time between the mistrial and the retrial.

The Commonwealth objected to the mistrial, which caused a delay from December 3, 2018, to April 24, 2019 (142 days). From those 142 days, we subtract the delays caused by the defendant's motions for bond in December (ten days) and a continuance in April (seven days), which leaves 125 days, or just over four months, due to the mistrial declaration.

The delay between the mistrial declaration and the original retrial date (April 17, 2019) was occasioned by Judge Marchant's physical inability to attend and preside over the rest of the trial, which was not anyone's fault. *See Arnold*, 18 Va. App. at 223 (noting that physical illness of parties important to the trial can be an acceptable reason for delay); *Barker*, 407 U.S. at 534,

536 (recognizing that the illness of a witness, "the exsheriff [sic] who was in charge of the investigation," provided "a strong excuse" for seven months of delay).

Minitee argues that we should weigh heavily against the Commonwealth its allegedly negligent failure to argue to Judge Taylor that she should appoint a substitute judge to preside over the remainder of the case. However, Minitee admits that negligently caused delays are far less problematic than intentional delays. Further, the Commonwealth was not negligent. It objected to the mistrial declaration on December 3, 2018 and stated in no uncertain terms that it preferred to "go forward today." Both the Commonwealth's and Minitee's objections were premised on the idea that the only way to proceed with the trial that day was to have a substitute judge preside. We disagree with Minitee that the Commonwealth was required to expressly request a substitute judge; objecting to the mistrial declaration was sufficient.

Because it was necessary to declare the mistrial, the Commonwealth was not negligent, and as every portion of the delay attributable to the Commonwealth appears to have been incurred in the ordinary course of the administration of justice,[4] we weigh the delays attributable to the Commonwealth "but slightly against" it. *Arnold*, 18 Va. App. at 224.

### 3. Assertion of the Right

Next, we consider Minitee's assertion of his right to a speedy trial. Merely failing to object on constitutional speedy trial grounds does not constitute a waiver of the right to challenge a particular delay, but it does "make it difficult for a defendant to prove that he was denied a speedy trial." *Barker*, 407 U.S. at 528. The assertions are weightier when "frequent[] and

---

[4] Minitee does not argue that a judge other than Judge Marchant should have conducted his second trial in fewer than four months after the mistrial declaration. *See generally Rogers*, 5 Va. App. at 345 (holding that a delay of nine months between a mistrial declaration and subsequent retrial was presumptively prejudicial where the same evidence was offered in the second trial); *cf.* Code § 19.2-243 (recognizing five months as a reasonable period of delay between arrest and trial as the basis for the *statutory* speedy trial right in the Commonwealth).

force[ful]" rather than merely "*pro forma*." *Rogers*, 5 Va. App. at 347 (quoting *Barker*, 407 U.S. at 529).

Here, Minitee did not expressly assert his speedy trial rights when Judge Taylor declared the mistrial. In any event, his attorneys later admitted that their objection was a "*pro forma*" objection made for the purpose of "protecting our own potential speedy trial arguments . . . [for] a future appeal." Later, Minitee expressly objected on speedy trial grounds during the December 13, 2018 bond hearing. Even then, some of his assertions of the right arguably invoked only his statutory right to a speedy trial. Further, on April 24, 2019, just before his second trial began, he requested an additional continuance to allow him to file and litigate a petition for habeas corpus in federal court based on the trial court's rejection of his double jeopardy argument. Minitee appeared to be far more worried about being convicted at any time—past, present, or future— than he did in avoiding the prejudice he might suffer from additional delays. On balance, therefore, we weigh this factor against Minitee.

### 4. Prejudice to the Defendant

"The constitutional speedy trial right protects three related interests: (1) preventing oppressive pretrial incarceration; (2) minimizing the accused's anxiety; and (3) limiting the possibility that the defense will be impaired." *Ali*, ___Va. App. at ___ (quoting *Kelley v. Commonwealth*, 17 Va. App. 540, 546 (1994)). When "the Commonwealth bears no fault in the delay and proceeds 'with reasonable diligence,' then the defendant's 'speedy trial claim w[ill] fail . . . as a matter of course however great the delay, so long as [the defendant cannot] show specific prejudice'" to his defense under the third interest or general prejudice with regard to one of the first two interests. *Id.* at ___ & nn.15-16 (alterations in original) (quoting *Doggett*, 505 U.S. at 656) (merely assuming that a general prejudice standard applies to the first two interests).

Because we conclude the Commonwealth was not negligent or otherwise at fault, Minitee must show prejudice that meets one of these requirements.

Minitee argues that the delay made his "anxiety and concern . . . understandably high" and that he was "incarcerated during this entire period." He does not argue that his defense was in any way impaired,[5] and we cannot discern any negative impact on his defense from the record. Therefore, Minitee must "establish a particularly prolonged or restrictive period of incarceration or a level of anxiety exceeding that faced by others awaiting trial." *Id.* at ___.

Although Minitee argues the prospect of a second prosecution caused significant anxiety, his allegations are nothing more than vague professions of anxiety and not based on specific facts in the record showing he was actually more anxious than the average defendant. Minitee's total pretrial incarceration, less the forty-eight days attributable to him, was only a little over ten months long. *Id.* Minitee also failed to argue that he was subject to any unusual or oppressive restrictions. We conclude that Minitee did not prove that he suffered the requisite degree of prejudice and therefore weigh this factor against him.

### 5. Overall Assessment of Factors

Even if the delays in the April 19 and April 23 charges were presumptively prejudicial, they were not unduly long given the total delay of a little over ten months attributable to the Commonwealth, which included time due to the need to declare a mistrial. The Commonwealth prosecuted these felonies with all due speed and even joined Minitee in objecting to the mistrial declaration. Assuming without deciding that Minitee asserted his constitutional speedy trial right following the mistrial, the assertion was in a *pro forma* manner, and he appeared more concerned about avoiding conviction than avoiding unnecessary delays. Moreover, Minitee failed to

---

[5] Minitee alleges in passing in his reply brief that he was unable to assist in the preparation of his defense on retrial, but he does not articulate any way in which he claims his defense was impaired as a result.

demonstrate that he suffered prejudice attributable to the delay. Therefore, the trial court did not err in concluding that Minitee's constitutional right to a speedy trial was not violated.

## C. *Recusal*

Finally, Minitee assigns error to Judge Marchant's denial of his motion for Marchant's recusal. Specifically, he argues that Judge Marchant presiding over the second trial created an appearance of impropriety as a result of his biased rulings during various pretrial motions hearings. Minitee points to Judge Marchant's request for Minitee to provide *voir dire* questions before the trial, his limitations on the scope of the questions that Minitee was permitted to ask on *voir dire*, and his criticism of Minitee's counsel.

Canon 3(E)(1) of the Canons of Judicial Conduct provided that "[a] judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned including but not limited to instances where . . . [t]he judge has a personal bias or prejudice concerning a party[.]" The party moving for recusal "has the burden of proving the judge's bias or prejudice." *Commonwealth v. Jackson*, 267 Va. 266, 229 (2004). "Exactly when a judge's impartiality might reasonably be called into question is a determination to be made by that judge in the exercise of his or her sound discretion." *Davis v. Commonwealth*, 21 Va. App. 587, 591 (1996). Just because a judge "is familiar with a party and his legal difficulties through prior judicial hearings" does not require a judge to recuse himself. *Deahl v. Winchester Dep't of Soc. Servs.*, 224 Va. 664, 672-73 (1983) (citation omitted). The analysis centers around whether the judge "possesses such bias or prejudice that would deny a litigant a fair trial." *Wilson v. Commonwealth*, 272 Va. 19, 28 (2006).

Here, Minitee points to instances when Judge Marchant denied his motions, required the filing of *voir dire* questions before trial, and limited the *voir dire* questions he could pose. However, the fact that a judge makes adverse rulings against a party does not in and of itself

indicate a bias. *See Stevens v. Commonwealth,* 8 Va. App. 117, 123 (1989) (finding no bias when the trial court overruled thirty-six of thirty-eight defense objections). Minitee also contends that Judge Marchant was more confrontational with him than with the Commonwealth. But taken as a whole and in context, Judge Marchant's "legal rulings demonstrated an appropriate application of reason and impartiality." *Oley v. Branch*, 63 Va. App. 681, 702 (2014). Thus, a thorough review of the record shows that Judge Marchant did not abuse his discretion when he declined to recuse himself.

### III. CONCLUSION

We hold that the trial court did not err in concluding that Minitee's statutory and constitutional speedy trial rights were not violated or by denying Minitee's motion for Judge Marchant to recuse himself.

*Affirmed.*