COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Bray and Overton
Argued at Norfolk, Virginia


DALE CHESTER BOLESTA
                                             OPINION BY
v.         Record No. 2842-96-1    JUDGE NELSON T. OVERTON
                                          FEBRUARY 3, 1998
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                  Kenneth N. Whitehurst, Jr., Judge

          Theresa B. Berry (Samford & Berry, P.C., on
          brief), for appellant.

          (Richard Cullen, Attorney General; John K.
          Byrum, Assistant Attorney General, on brief),
          for appellee.


     Dale Chester Bolesta (defendant) appeals the decision of the

Circuit Court of the City of Virginia Beach revoking the

suspension of his seven year sentence arising from his conviction

for cocaine possession with intent to distribute.  He claims that

a March 1993 revocation and re-suspension of that sentence was

void because it occurred outside of the statutory time limit set

by Code § 19.2-306.  Because we agree that the revocation and

re-suspension violated the statute, we reverse.

     The facts in this case are undisputed.  On March 20, 1984

defendant was found guilty of possession of cocaine with intent

to distribute and was sentenced to seven years incarceration.

The trial judge suspended the sentence for seven years on the

condition that the defendant comply with his probation

requirements and enter a drug counseling program.  On March 24,

1993, nine years and four days later, the trial court conducted a hearing pursuant to Code § 19.2-306 in which it revoked and re-suspended the sentence for another seven years. On October 21, 1996 the trial court again conducted a revocation hearing. At this third proceeding, the trial court revoked the suspended sentence and ordered that defendant serve the entire seven years.

"[W]hen the language of an enactment is free from ambiguity, resort to legislative history and extrinsic facts is not permitted because we take the words as written to determine their meaning." Brown v. Lukhard, 229 Va. 316, 321, 330 S.E.2d 84, 87 (1985). Code § 19.2-306 states in pertinent part:

> The court may . . . cause the defendant to be arrested and brought before the court at any time . . . within one year after the period of suspension fixed by the court . . . whereupon, in case the imposition of sentence has been suspended, the court may pronounce whatever sentence might have been originally imposed.

Therefore, the outside time limit within which the court may recall a defendant is the period of suspension plus one year, which in this case was eight years. See Grant v. Commonwealth, 223 Va. 680, 684, 282 S.E.2d 348, 350 (1981) (holding that if a period of probation was prescribed, the time for revocation extends until one year later). The March 24, 1993 revocation hearing was conducted over nine years after the original order was entered. Therefore, the order was void ab initio because the court lacked jurisdiction to enter it. See, e.g., Cofer v. Cofer, 205 Va. 834, 837, 140 S.E.2d 663, 665-66 (1965) ("It is

2

well settled that a void decree or order is a nullity and may on proper application be vacated at any time.").  Without the March 1993 suspended sentence, the trial court had no authority to order defendant incarcerated on October 21, 1996.

Because the trial court lacked jurisdiction, we reverse the imposition of his sentence.

<u>Reversed.</u>