COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Elder and Annunziata
Argued at Richmond, Virginia


DANE LESLEY CHASE
                                              OPINION BY
v.    Record No. 2259-00-2         JUDGE JERE M. H. WILLIS, JR.
                                          DECEMBER 4, 2001
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF POWHATAN COUNTY
                    Thomas V. Warren, Judge

            Roger C. Hinde (Keith A. Jones; Law Offices
            of Roger C. Hinde, on brief), for appellant.

            H. Elizabeth Shaffer, Assistant Attorney
            General (Randolph A. Beales, Acting Attorney
            General, on brief), for appellee.


     On appeal from his conviction for driving while under the

influence of alcohol, in violation of Code § 18.2-266, Dane Lesley

Chase contends the trial court erred by admitting into evidence a

breath test certificate showing his blood alcohol content.  He

argues that the Commonwealth violated his federal and state due

process rights by denying him a potentially exculpatory blood

test.  Because he did not raise the state due process claim at

trial, he is barred by Rule 5A:18 from asserting that claim on

appeal.  Because his federal due process rights were not violated

and the admission of the breath test certificate was proper, we

affirm the judgment of the trial court.

## I. BACKGROUND

On January 19, 2000 Chase was stopped by Trooper William Pippen on Route 60 in Powhatan County for traveling sixty-nine miles per hour in a posted fifty-five miles per hour zone. Trooper Pippen detected an odor of alcohol and observed that Chase's face was flushed, his eyes were glassy, and he had difficulty finding his driver's license. Chase admitted that he had drunk three or four beers. He failed several field sobriety tests.

Chase was arrested for driving while under the influence of alcohol and was transported to the Powhatan County Sheriff's Office where he submitted to a breath test pursuant to Code § 18.2-268.2. The certificate of analysis reported a blood alcohol level of 0.10%. Following the breath test and while still in custody in the magistrate's office, Chase called his attorney who asked Trooper Pippen to transport Chase to the hospital for an independent blood test. Trooper Pippen refused, stating that Chase had already taken the breath test.

At trial, Chase moved to suppress the breath test blood alcohol certificate, arguing that the Commonwealth had denied him his constitutional right to due process. The court denied the motion, and the certificate was admitted into evidence. Chase renewed the objection at the close of his case. The trial court again overruled the objection and convicted Chase of driving while under the influence of alcohol, first offense.

-

## II.  STATE CONSTITUTIONAL CLAIM

On appeal, Chase contends that his due process rights under Article I, Section 8, of the Constitution of Virginia were violated.

Rule 5A:18 provides, in relevant part:

> [n]o ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice.

At trial, Chase asserted the violation of his right under the Fourth and Fourteenth Amendments of the United States Constitution to develop potentially exculpatory evidence. However, he raised no similar state constitutional claim. Consequently, he failed to preserve a state constitutional issue for appeal.

## III.  VIRGINIA DUI TESTING AND DUE PROCESS

Code § 18.2-268.2 governs the testing of individuals to determine the drug or alcohol content of their blood.  That section provides in pertinent part that:

> A.  Any person, whether licensed by Virginia or not, who operates a motor vehicle upon a highway, as defined in § 46.2-100, in this Commonwealth shall be deemed thereby, as a condition of such operation, to have consented to have samples of his blood, breath, or both blood and breath taken for a chemical test to determine the alcohol, drug, or both alcohol and drug content of his blood, if he is arrested . . . within two hours of the alleged offense.

-

B.  Any person so arrested for a violation of § 18.2-266 (i) or (ii) or both, or § 18.2-266.1 or of a similar ordinance shall submit to a breath test.  If the breath test is unavailable or the person is physically unable to submit to the breath test, a blood test shall be given.

Id.

Code § 18.2-268.2 provides that persons arrested for driving under the influence of alcohol be administered only a breath test to determine blood alcohol content.  The statute provides two exceptions.  When a breath test is unavailable or the accused is physically unable to submit to a breath test, a blood test must be provided.  In this case, neither exception applied.  Following his arrest, Chase was transported to the sheriff's office where a breath test was available.  He took it. He was entitled only to the breath test, which was administered by Trooper Pippen in compliance with the statute.

The question remains whether compliance with Code § 18.2-268.2 nonetheless denied Chase due process.  Chase argues that the Fifth and Fourteenth Amendment Due Process Clauses guarantee a defendant the right to develop and present evidence in his defense.  We agree.  He further argues that this due process right was violated when Trooper Pippen refused to transport him to the hospital to have an independent blood test administered, thus denying him the opportunity to obtain potentially exculpatory evidence.  We disagree.

-

In Winston v. Commonwealth, 188 Va. 386, 49 S.E.2d 611 (1948), the Supreme Court discussed this issue in addressing Article I, Section 8 of the Virginia Constitution, which provides the same due process guarantee found in the United States Constitution.[1]  Following his arrest for driving while intoxicated, Winston asked to be taken to a physician for a test to determine whether he was intoxicated.  The arresting officer refused.  On appeal of his conviction, Winston contended that the officer's refusal to take him to a physician deprived him of potentially exculpatory evidence.  Id. at 388-89, 49 S.E.2d at 612-13.

Rejecting Winston's claim, the Supreme Court said, "there was no denial of the right of the accused to produce evidence in his favor."  Id. at 391, 49 S.E.2d at 613.  The trooper had not refused to allow Winston to contact a physician to arrange for an examination, nor had he denied Winston the opportunity to be examined in jail.  The Court concluded that "[i]n this situation the duty of engaging the services of a physician to make such an examination, and of thus securing his testimony to establish the defendant's sobriety, was on the defendant and not on the officers."  Id. at 392, 49 S.E.2d at 614.  Due process imposes

_____

[1] Article I, Section 8 of the Virginia Constitution states "[t]hat in criminal prosecutions a man hath a right . . . to call for evidence in his favor, . . . .  He shall not be deprived of life or liberty, except by the law of the land or the judgment of his peers, . . . ."

-

no affirmative duty upon the police to help defendants obtain evidence that is potentially exculpatory.[2]

Other states have ruled similarly. In <u>New Jersey v. Ettore</u>, 548 A.2d 1134 (N.J. Super. Ct. 1988), Ettore was arrested for driving while intoxicated. After two breath tests were performed, Ettore telephoned her attorney, asking that he take her to have a blood test performed. Being unable to do so, Ettore's attorney asked the arresting trooper to take Ettore to the hospital. The trooper refused. The attorney then asked whether a taxi could be called. The trooper replied that it was against state police policy to release an intoxicated person unaccompanied by a responsible escort. <u>Id.</u> at 1136.

Ettore sought to exclude the results of the two breathalyzer tests. She claimed violations of her statutory right to an independent blood test as provided by New Jersey law and of her due process rights under the New Jersey and United States Constitutions. <u>Id.</u> at 1135. The New Jersey Superior Court found no basis for suppressing the results of the breath tests. It held:

> [P]olice authorities were under no statutory
> duty to arrange for the securing of a blood

---

[2] Winston's conviction was reversed for denial of other fundamental rights. The arresting officer failed to take him promptly before a judicial officer. He was initially denied the opportunity for bail, resulting in his inability to obtain material evidence. Those issues are not present in this case.

test by a defendant charged with drunk driving.

Id. at 1137 (citation omitted).  The New Jersey court further held

> [a] policy which allows a defendant to contact by telephone his or her attorney or family member and to be released to such an escort in furtherance of the defendant's exercise of his or her right to arrange for independent testing does, in our view, provide a procedure affording the defendant reasonable access to such testing.

Id.  See also State v. Sidmore, 951 P.2d 558, 569-70 (Mont. 1997) (officers have no duty to assist an accused in obtaining exculpatory evidence; they need only avoid interfering with the accused's efforts to obtain an independent sobriety test); State v. Leonard, 725 P.2d 493, 498 (Ariz. Ct. App. 1986) (police officers are not required to take the initiative or even to assist in procuring such evidence; the state may not unreasonably interfere with an accused's attempts to obtain blood test near the crucial time of arrest); State v. Dake, 529 N.W.2d 46, 49 (Neb. 1995) (while police cannot hamper a motorist's efforts to obtain independent testing, they are under no duty to assist in obtaining such testing beyond allowing telephone calls to obtain the test).

Chase was denied no fundamental right to due process when Trooper Pippen refused to transport him to the hospital for an independent blood test.  Following the administration of the breath test, Chase was permitted to speak to his attorney.  He

-

was not prevented from leaving the sheriff's office.  He had the opportunity to secure transportation and to obtain a blood test on his own.  Trooper Pippen was not obligated to help Chase do so.  The trial court's admission of the breath test blood alcohol certificate was proper.  Accordingly, we affirm the judgment of the trial court.

<u>Affirmed.</u>