COURT OF APPEALS OF VIRGINIA

Present:   Judges Bumgardner, McClanahan and Senior Judge Willis
Argued at Salem, Virginia


DAVID HERMAN WHITT

                                        MEMORANDUM OPINION[*] BY
v.        Record No. 0600-04-3        JUDGE RUDOLPH BUMGARDNER, III
                                             FEBRUARY 1, 2005
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF BOTETOURT COUNTY
A. Dow Owens, Judge Designate

          Randy V. Cargill (Magee, Foster, Goldstein & Sayers, P.C., on
          brief), for appellant.

          Leah A. Darron, Assistant Attorney General (Jerry W. Kilgore,
          Attorney General, on brief), for appellee.


        David Herman Whitt appeals the revocation of a suspended jail sentence that he received

for a conviction of driving under the influence, second offense.  He contends the trial court

lacked jurisdiction because it revoked his probation more than two years after his conviction,

citing Code § 19.2-306.  We conclude the trial court acted pursuant to Code § 18.2-271.1, which

granted continuing jurisdiction over the defendant.

        On December 20, 2000, the Botetourt County General District Court convicted the

defendant of driving under the influence, second offense, in violation of Code § 18.2-266.  It

imposed a fine of $500, a sentence of twelve months in jail, and suspended the defendant's

driver's license for three years.  The district court suspended the fine and all but two days of the

jail sentence, and referred the defendant to the Virginia Alcohol and Safety Action Program,

VASAP.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Upon receipt of a non-compliance report,[1] the general district court issued a summons on September 5, 2001 for the defendant to show cause for failure to comply with its referral to VASAP. The district court mailed the summons to the defendant returnable on September 17, 2001. On that date the defendant did not appear,[2] and the district court ordered a capias, which issued September 20, 2001, but it was never served.

The district court issued a second capias November 12, 2003 on which the defendant was arrested December 22, 2003. The district court found the defendant violated the conditions of its referral to VASAP and revoked six months of his suspended jail sentence. The defendant appealed to the circuit court which also found the defendant violated the referral. It revoked only three months of the suspended sentence but ordered the defendant to continue in the VASAP program.

The defendant argued the trial court lacked jurisdiction because Code § 19.2-306[3] required the district court to issue process within two years of his conviction in December 2000.

---

[1] The community corrections case worker identified several violations: failure to pay the probation fee; failure to keep the case manager and the court advised of changes in address, telephone number, and employment; failure to meet with the case manager; and failure to attend intervention sessions as scheduled. In addition, the defendant was arrested for driving under the influence, third offense, and driving on a suspended license within four months of his conviction in Botetourt County.

[2] The defendant contends he did not comply with VASAP because he was in jail. He was arrested in Salem April 29, 2001 for driving under the influence and felonious driving on a suspended license. He received a one-year jail sentence, which he served until March 14, 2002.

[3] Although the defendant argued lack of jurisdiction under Code § 19.2-306 at his revocation hearing, he did not present certain issues that he raises on this appeal. The issue the defendant presented at trial was "whether the Court issued process within those two years." He argued the revocation hearing did not comply with the present version of the statute, which became effective July 1, 2002. This statute provides that process must issue within the prescribed period. Code § 19.2-306(B). Previously the statute required the trial court to revoke the sentence within that period. See Bolesta v. Commonwealth, 26 Va. App. 503, 505, 495 S.E.2d 531, 532 (1998). The defendant never suggested the earlier version of the statute controlled the case. He cannot now complain that applying the current version of the statute violated the prohibition against *ex post facto* laws. We do not consider issues raised for the first

He maintained that process was not issued until November 12, 2003 when the district court issued the second capias upon which he was finally arrested. However, the district court acted within the two-year period by issuing a show cause summons and then a capias when the defendant failed to appear in response to the summons. More importantly, the specific statutes controlling driving under the influence cases, Title 18.2, Ch. 7, Art. 2 of the Virginia Code, granted the district court continuing jurisdiction over the defendant.

Code § 18.2-271.1 defined the trial court's powers and authority in this case. The defendant was charged and convicted of driving under the influence, second offense, in violation of Code § 18.2-266. Upon conviction for a violation of that statute, Code § 18.2-271.1(A)[4] mandates entry and successful completion of an alcohol safety action program as a condition of any probation. Code § 18.2-271.1(F)[5] grants continuing jurisdiction over any person entering

---

time on appeal. Rule 5A:18. The trial court considered and decided the issue the defendant presented at trial. The defendant must make the same objection at trial that he presents on appeal. See Chase v. Commonwealth, 37 Va. App. 194, 197, 555 S.E.2d 422, 424 (2001); Walton v. Commonwealth, 24 Va. App. 757, 761, 485 S.E.2d 641, 643 (1997), aff'd, 255 Va. 422, 497 S.E.2d 869 (1998).

[4] Code § 18.2-271.1(A) provides that any person convicted of a first or second offense of Code § 18.2-266 "shall be required by court order, as a condition of probation or otherwise, to enter into and successfully complete an alcohol safety action program . . . ."

[5] Code § 18.2-271.1(F) provides, in part:

> The court shall have jurisdiction over any person entering such program . . . until such time as the case has been disposed of by either successful completion of the program, or revocation due to ineligibility or violation of a condition or conditions imposed by the court, whichever shall first occur. Revocation proceedings shall be commenced by notice to show cause why the court should not revoke the privilege afforded by this section. Such notice shall be made by first-class mail to the last known address of such person, and shall direct such person to appear before the court in response thereto on a date contained in such notice, which shall not be less than 10 days from the date of mailing of the notice. Failure to appear in response to such notice shall of itself be grounds for revocation of such privilege.

VASAP until either successful completion or revocation of the referral. That subsection prescribes the form of notice and the procedures for revocation hearings. The trial court is authorized to revoke not only the privilege to attend VASAP but also to revoke any part of the sentence that the defendant was privileged to have suspended upon the condition that he attend that program.

The district court began revocation proceedings by issuing a show cause summons that it mailed by first-class mail to the defendant's last known address. Those actions followed the exact procedure mandated by Code § 18.2-271.1(F). When the defendant failed to appear on the return date of the summons, the district court issued a capias. The trial court had jurisdiction until it disposed of the case.

The defendant violated the district court's referral to VASAP by failing to complete the program. He failed to comply with VASAP in several ways, and within four months of his conviction, he was again arrested for driving under the influence. His failure to appear in response to the first summons was itself grounds for revocation. The trial court did not abuse its discretion by revoking three months of the defendant's sentence.

Revocation of a suspended sentence will not be disturbed on appeal unless the trial court abused its discretion. Keselica v. Commonwealth, 34 Va. App. 31, 35, 537 S.E.2d 611, 613 (2000). Accordingly, we affirm.

Affirmed.